Deaderick, J.,
delivered the opinion of the Court.
The plaintiff sued the defendants in the Circuit Court of Robertson county, upon the following obligation: “We, the undersigned, promise to pay H. E. Plyde, one hundred and seventy-five dollars, it being for a note that I, W. J. Darden, transferred to said H. E. Hyde, on M. L. Andrews, D. S. Andrews, and Jas. W. Andrews, for one hundred and seventy-five dollars, due December 25th, 1866, bearing interest from date, March 3rd, 1866, which note said M. L. Andrews, D. S. Andrews and J. W. Andrews have put in their deed of trust. Now, if said deed satisfies the above note, this obligation is to be void, otherwise in full force. April 5th, 1867.
W. J. DardeN, [Seal.'
j G. PI. DardeN, 'Seal.' ’’ | JANE Darden, \Seal.J’ { Securities.
The declaration avers breaches of the obligation sued on, in the following language: “The plaintiff avers that the defendants have breached their obligation in this, that said deed aforesaid has failed to satisfy and pay the said note above described,” etc., “and defendants have not naid.” etc.
*517 The defendants demurred to the declaration: 1. Because the obligation sued on was not, in legal effect, due at the time of the institution of the suit.
2. That it is not averred in the declaration that the trust deed, in which the note transferred is secured, is settled and wound up, and that the trust assets were insufficient to pay said transferred note, etc.
The court sustained the demurrer, and the plaintiff appealed in error to this court.
The question arises as to what is the proper construction of the obligation sued on.
The intention of the parties to a contract is to be ascertained, not only from the language employed, but also by looking to the circumstances under which it is made, the motives which induced it, and the purposes and objects of it.
When the intention is thus ascertained, it is the duty of the court to enforce it, as the parties mutually understood it at the time it was made.
When there is a condition, or qualifying stipulation, contained in the contract, whether it shall be construed to be a condition precedpl or subsequent, does not depend upon the use of technical words, nor does it depend upon what part of the instrument the words constituting the condition may be placed in, but rather upon the intention and understanding of the parties, at the time of making the contract.
In this view, what is the substance of the agreement in this case? It is, that W. J. Darden, having transferred to plaintiff a certain note which was secured by deed of trust, agrees, and the other two parties, signing *518 the obligation as bis sureties, agree with him, that if the fund arising from the trust property, upon foreclosure of the deed, should be insufficient to pay the note, then the obligors in the instrument sued on would pay it.
It is not an absolute or unconditional agreement to pay the note already secured by a deed of trust, but a collateral undertaking to pay, upon the condition precedent that the plaintiff should do all things necessary and proper to be done by him, to secure payment out of the trust fund.
It was the intention of the parties, as manifested by a fair interpretation of their contract, that the trust fund was to be first resorted to for, the satisfaction of the note secured in the trust deed, and the fund arising therefrom exhausted, before satisfaction could bo claimed off defendants.
The declaration ought, therefore, to have averred, not simply that the trust deed has failed to pay said debt, but such facts as will show that the failure to pay was because of the exhaustion of the fund arising from the sale of the trust property, in the due execution of the trust.
The demurrer was, therefore, properly sustained, and we affirm the judgment.