JOHN A. CAVANAGH ET AL., Appellees, v. IOWA BEER CO., Appellant.

**Parol evidence:** VARIANCE OF WRITING: PROOF OF CONDITION PRECE-
1    DENT. Parol evidence is competent to show a condition precedent to the taking effect of a written lease and has no tendency to vary or contradict the terms of the writing.

**Condition precedent.** A parol agreement to procure permission to
2    operate a mulct saloon upon leased premises, and that the execution and delivery of the lease and its effectiveness shall be subject to the fulfillment of such oral promise, is a condition precedent.

**Waiver of condition precedent:** PROOF. Waiver of a condition
3    precedent cannot be proved unless pleaded.

**Illegal agreements:** PUBLIC POLICY. The agreement of a lessor to
4    procure permission to operate a mulct saloon on the leased premises is not against public policy.

*Appeal from Polk District Court.*— HON. W. H. McHENRY, Judge.

MONDAY, NOVEMBER 18, 1907.

ACTION at law to recover damages for breach of a contract of lease. Defendant admitted the making of the lease, but pleaded that it never became operative by reason of breach of a condition precedent. A jury was waived, but before any testimony was introduced plaintiff moved for judgment upon the pleadings. This motion was sustained, and defendant appeals.— *Reversed.*

*N. T. Guernsey* and *Hubbard & Burgess,* for appellant.

*St. John & Stevenson,* for appellees.

DEEMER, J.— In January of the year 1905 the parties to this action entered into a written contract of lease for part of a certain lot in the city of Des Moines. This lease was

**1. PAROL EVIDENCE: variance of writing: proof of condition precedent.** for a term of five years from and after the 1st day of April, 1905, and provided for an annual rental of $1,000 to be paid in advance monthly installments, beginning April 1, 1905. Plaintiff alleged " that after the making of said lease, and before the 1st of April, 1905, they erected the brick building specified in the said lease on said premises, and expended therefor $1,200 or more, and fully complied with the terms and condition of said lease on their part, and about the 1st day of April, 1905, plaintiffs delivered to the said defendant the full possession and control of said premises, and the defendant was in possession of said premises thereafter from the 1st day of April, 1905, to about the 1st day of June, 1905, at about which latter day the said defendant abandoned said premises, and refused to perform any of the conditions of said lease on its part, and hitherto have wholly failed to pay any rents, and have refused to have anything to do with said premises, and about the 5th day of June, 1905, said plaintiffs took possession and control of said premises with notice to said defendant and under a stipulation that the act of so taking possession should not in

any manner prejudice the rights or liabilities of either of the parties under said lease."

The lease contained these, among other, provisions: The defendant agreed "not to permit any unlawful business to be conducted on said premises and to pay promptly during the continuance of this lease all amounts whatsoever that may be legally required of it in connection with the running or operation of a saloon on said premises, as well as the operation and running of any other business of whatsoever kind which may be conducted and carried on upon said premises." And the plaintiff agreed to erect a one-story brick building sixteen by fifty feet upon the lot to be completed on or before April 1, 1905, suitable and ready for the conducting of a saloon, and, upon request, remove another brick building and substitute a frame one in its place. Defendant admitted the execution of the lease, but averred that the sole inducement and consideration therefor was an oral agreement on plaintiff's part that they (plaintiffs) would procure or cause to be procured from the city council of the city of Des Moines the consent of the said city council to the operation by defendant of a saloon upon the leased premises and that the lease was not to become obligatory until plaintiffs procured this consent. It also pleaded that plaintiff failed and neglected to procure this consent, and that, by reason thereof, the consideration for said lease failed, and that it never became operative. We now extract from the answer these further paragraphs:

This defendant avers that when it became evident that such consent could not be procured from said city council, and that said plaintiffs could not comply with their oral agreement as hereinbefore set out, this defendant orally notified said plaintiffs that it would not enter into the possession of said leased premises, and that it disclaimed any and all liability under said lease, and would refuse to be bound thereby, because of the failure of said plaintiffs to perform the condition and tender the consideration to which its execution and delivery was made subject, and that, in

pursuance of such notice, said defendant never entered into the possession of or assumed the control over said leased premises.   .   .   .   This defendant avers that the failure of said plaintiffs to perform their oral agreement and to fulfill the condition precedent to the complete delivery of said lease, and to the consummation of the contract therein contained, was not due in any respect to the default, omission, or neglect of this defendant.   .   .   .   This defendant avers that by reason of the failure of said plaintiffs to carry out and perform the collateral oral agreement so made by them, which agreement furnished the sole inducement to and consideration for the signing of said lease by this defendant, and which was a condition precedent to the complete delivery of said lease, and the complete consummation and execution of the contract therein contained, said lease never became a valid instrument or binding upon either of the parties thereto.   .   .   .   This defendant avers that it was mutually understood and agreed by and between the parties to said lease, at and prior to its signing, that the same should not become binding upon the parties thereto, nor upon this defendant, nor be enforced by either of said parties by suit at law or in equity, unless and until the condition precedent set out should have been fully and duly performed by said plaintiffs.

Plaintiff's motion for judgment was bottomed upon the thought that the answer pleaded no defense, in that it was predicated upon a parol agreement at variance with and in contradiction of the written contract of lease.  The trial court held that this alleged parol agreement could not be proved and did not constitute a defense to plaintiff's action; for that oral testimony in support thereof would tend to vary and contradict the terms of the written contract.  Upon no other subject, perhaps, has so much been written as upon the rule of evidence of substantive law that a written agreement cannot be varied or contradicted by proof of a parol collateral agreement.  The rule is one of the first the student learns, and is so elementary as to need nothing more than a mere statement.  To this rule there are many exceptions, some of which are quite as important as the rule and doubt-

less as well settled. The difficulty is in applying the rule with its exceptions to the facts of the particular case. One of the best statements of some of the exceptions is to be found in *Thomas v. Scutt,* 127 N. Y. 133 (27 N. E. 961), from which we quote the following:

The real exceptions may be grouped in two classes, the first of which includes those cases in which parol evidence has been received to show that that which purports to be a written contract is in fact no contract at all. Thus fraud, illegality, want of consideration, delivery upon an unperformed condition, and the like may be shown by parol, not to contradict or vary, but to destroy, a written instrument. Such proof does not recognize the contract as ever existing as a valid agreement, and is received, from the necessity of the case, to show that that which appears to be is not, and never was a contract. . . . The second class embraces those cases which recognize the written instrument as existing and valid, but regard it as incomplete, either obviously, or at least possibly, and admit parol evidence, not to contradict or vary, but to complete, the entire agreement, of which the writing is only a part.

These have also been recapitulated in Kennedy's Trial Evidence, 45, in the following language: "The rule does not exclude evidence (b) showing the existence of a condition precedent (e), of collateral agreements not intended to be embodied in or superseded by the written instrument and not inconsistent with it (i), which merely interprets or explains the writing." Another exception sometimes recognized is one permitting proof of the consideration of the instrument, unless the recital or agreement with reference thereto is contractual; i. e., something more than an unilateral admission. *Kelly v. C., M. & St. P. R. R.,* 93 Iowa, 436.

As the writing in this case appears to be full and complete in itself, and as the consideration is contractual and not a mere recitation of the receipt of money or other unilateral statement, the case manifestly does not come within any of the exceptions named, save the one which has been

shortly stated, to the effect that there was a condition precedent to the taking effect of the lease. A condition precedent in a contract is an act to be performed by one party before the accruing of a liability of the other party, and proof of such a condition does not vary or contradict the contract, but shows that no contract between the parties ever became effective. If the condition be a subsequent one — i. e., such an one as concedes the validity of the contract, save as it has been abrogated or destroyed by breach of condition — then parol evidence is not admissible, for it manifestly varies or contradicts the terms of the written contract. As said in *Bucksport v. Inhabitants,* 67 Me. 295: "Conditions have no idiom. Whether they are precedent or subsequent is a question purely of intent, and the intention must be determined by considering, not only the words of the particular clause, but also the language of the whole contract, as well as the nature of the act required and the subject-matter to which it relates." As the case was determined in the district court upon the allegations of the answer, we must look to these to ascertain whether the oral agreement pleaded was a condition or a covenant, and if a condition, whether precedent or subsequent. And this leads first to the distinction between a covenant and a condition.

The difference between the two relates largely to the remedy. If breach of the agreement pertains to the validity of the instrument or is a ground for forfeiture, it is a condition; but, if the remedy for a breach is merely an action at law for damages, then the agreement is simply a covenant. Going now, to the agreement pleaded, it will be observed that it is clearly a condition. The pleader charged that plaintiffs agreed to procure a permit for defendant to keep and sell intoxicating liquor upon the premises, and that the execution and delivery of the lease was subject to the condition that the oral agreement should be fully complied with before the lease should become obligatory upon the defendant, and that the delivery of the lease

2. CONDITION
PRECEDENT.

should not become complete or absolute until such permit or consent was obtained; that plaintiffs failed to procure this consent, and that the lease never became a valid or binding instrument. This is stated in many different ways in defendant's answer, and to our minds on its face clearly shows the non-performance of a condition precedent to the taking effect of the lease. What the proofs may show as to the intent and purposes of the parties we do not know, as the case was decided upon the allegations of the pleadings and these clearly bring it within the exception to the general rule which we have been considering. As sustaining these conclusions, see *Sutton v. Weber*, 127 Iowa, 361; *Oakland Ass'n v. Lakins*, 126 Iowa, 121; *Sutton v. Gribel*, 118 Iowa, 78; *Marsh v. Chown*, 104 Iowa, 556; *Reynolds v. Robinson*, 110 N. Y. 654 (18 N. E. 127).

It is manifest, we think, that the parol evidence rule does not apply to the facts as pleaded. Appellees say, however, that, as defendant went into possession of the property and accepted the lease, it cannot be-

3. WAIVER OF CONDITION PRECEDENT: proof.

heard to plead breach of a condition precedent. To this there are two answers: If this claim amounts to anything, it resolves itself down to one of waiver of the performance of the condition, and this was not pleaded. Moreover, defendant denied that it went into possession under the lease, and upon this denial the case was submitted. There being no affirmative proof of the waiver, it cannot, of course, be considered.

Again, it is contended that the alleged agreement was against public policy and void. This appears to be an afterthought, and was not one of the grounds of the motion. But,

4. ILLEGAL AGREEMENTS: public policy.

whether this be true or not, there is nothing in the agreement pleaded which is in any way violative of positive statute or of public policy. Plaintiffs were to do nothing illegal, but their engagement was to do a legal act; that is, to secure proper consent to the sale of intoxicants.

We reach the conclusion that the trial court was in error in rendering judgment on the pleadings; and its order must be, and it is, *reversed.*