James S. BUCHANAN and wife, Esther R. Buchanan, Plaintiffs-Appellants,

v.

Polk JOHNSON and wife, Dona Johnson and Gerrold Johnson, Defendants and Third-Party Plaintiffs-Appellees,

v.

James Hoyt TAYLOR, Third-Party Defendant, Cross-Complainant and Third-Party Plaintiff-Appellee,

v.

Robert L. BOULDIN and Nicky Stafford, d.b.a. Robert L. Bouldin Realty Company, Third-Party Defendants-Appellees.

Court of Appeals of Tennessee, Western Section.

Nov. 20, 1979.

Permission to Appeal Denied by Supreme Court March 10, 1980.

---

3. 32 Tenn.L.Rev., No. 4 (1965), *Judicial System in Tennessee and Potentialities for Reorganization*, Elvin E. Overton, p. 501 at 525.

Harry Max Speight, P.C., Dresden, for Buchanans.

William Michael Maloan, Brundige & Maloan, P.C., Martin, for Bouldin and Stafford.

David H. Welles, Thomas, Welles & Thomas, Dresden, for Johnsons.

Robert T. Keeton, Jr., Taylor & Keeton, Huntingdon, for Taylor.

MATHERNE, Judge.

The plaintiffs, buyers, sue for specific performance of a contract to sell 42 acres of land and for damages due to the breach of the contract. The chancellor declared the contract invalid and ordered the specific performance of another contract to sell the same property to James Hoyt Taylor. The plaintiffs appeal that decision. We will refer to the plaintiffs' written contract as the Buchanan contract and the other written contract as the Taylor contract.

## I. THE POSITION OF THE PARTIES

The sellers who signed the Buchanan contract were the then owners of the land, the defendants, Polk Johnson and wife, Dona Johnson. Polk and Dona Johnson are advanced in years, in frail health and confined to a nursing home in Weakley County, Tennessee. They moved into the nursing home in July 1977, at which time, by written instrument, they gave to their son, Gerrold Johnson, power of attorney to sell the 42 acre farm which was their homeplace. This power of attorney does not prohibit a sale of the land by the owners. We also note that no party questions the physical or mental ability of Polk and Dona Johnson to execute a contract to convey the land.

Polk Johnson listed the farm for sale with Robert L. Bouldin and Nicky Stafford d.b.a. Robert L. Bouldin Realty Company. Nicky Stafford of that firm handled all negotiations as the agent of Polk and Dona Johnson. As a result of certain advertisements effected by Stafford, Buchanan contacted him and at Stafford's office Buchanan signed a written contract (the Buchanan contract) to buy the land. Buchanan also delivered to Stafford a check in the amount of $2,500 as down payment. That check was never cashed. This contract is dated June 30, 1978, and contains the following provisions which must be interpreted in this lawsuit:

Buyer agrees to purchase said property and pay the sum of $29,400 upon the following terms: $29,400 cash, buyer gets owner share of crop rent from James Hoyt Taylor. Lease to be cancelled w/buyer getting land to work for crop year 1979. Owner responsible for notifying renter.

Stafford then took the Buchanan contract to the nursing home and the contract shows on its face that Polk and Dona Johnson signed it on July 1, 1978. Stafford then contacted Gerrold Johnson, who lived in the state of Indiana, that he, Gerrold, should come to Weakley County, Tennessee, and obtain the release of the land for the crop year 1979 from the tenant James Hoyt Taylor. Gerrold came to Tennessee on July 5th or 6th and was advised by Taylor that he, Taylor, would not release the farm for the crop year 1979. The tenant, Taylor, had been renting the farm for several years on a share-of-the-crop basis, and he maintained that because he had limed the land in 1978 it was a community custom that he was entitled to farm it for three more years. We make no ruling on that claim, but we note that no such agreement between Taylor and the owners was proved.

Thereafter, Stafford had Taylor and Gerrold Johnson come to his office to discuss the situation. Stafford told Gerrold Johnson and Taylor that the Buchanan contract was not enforceable because Buchanan wanted possession of the land for the crop year 1979 and Taylor was entitled to six months notice before he could be required to surrender the leasehold. Stafford stated that such notice was required before July 1, 1978, which date had passed. Gerrold Johnson and Taylor accepted Stafford's legal opinion on the matter. Taylor then offered to buy the farm at the same price as stated in the Buchanan contract. Stafford then drew up a written memo (the Taylor contract) to that effect, dated July 8, 1978, which was signed by Taylor and by Gerrold Johnson acting under his power of attorney from Polk and Dona Johnson. Taylor gave a $2,000 check to Gerrold Johnson as part payment, which check was cashed and the money placed in the account of Polk Johnson.

At no time during these negotiations did any of the parties attempt to contact the Buchanans or Polk Johnson. After the Taylor contract was signed, and on the same day, Stafford contacted Buchanan by telephone and told him that the Buchanan contract could not be carried out because Taylor refused to give possession for the crop year 1979. Buchanan told Stafford to hold everything and that he just wanted a fair rental for 1979. Buchanan, on the same day, went to see Polk Johnson and talked with him and Gerrold Johnson. The situation was explained to Polk Johnson and he stated that Buchanan should have the farm.

The Buchanan contract contained a closing date of August 1, 1978. This lawsuit was filed on July 31, 1978, and the Buchanans tendered into court the balance of the purchase price.

The defendants Polk Johnson, Dona Johnson and Gerrold Johnson filed a third party complaint against Taylor averring that in the event they are ordered to convey the property to the original plaintiffs that they should be relieved of any liability to Taylor because Taylor had knowledge of the Buchanan contract prior to the time he entered into the Taylor contract to buy the same land.

Taylor, the third party defendant, filed a cross-complaint seeking specific performance against the original defendants, the Johnsons, and claiming his contract was entered into only after he was advised that the Buchanan contract was of no effect. Taylor also filed a third party complaint against Robert L. Bouldin and Nicky Stafford d.b.a. Robert L. Bouldin Realty Company, alleging negligent acts for which they should be required to respond to Taylor for damages.

A motion was filed by the original plaintiffs to require Taylor to account for the funds received from the 1978 crop and to deposit the owner's share with the court. This motion was never heard or ruled upon.

The chancellor held that the Buchanan contract was a conditional contract—condi-

tioned on Buchanan getting possession for the crop year 1979. The chancellor apparently agreed with the realtor, Stafford, that this condition could not be complied with and held the Buchanan contract invalid. The chancellor dismissed Buchanan's lawsuit both as to specific performance and damages. The chancellor ordered specific performance of the Taylor contract and dismissed all other claims of all parties.

## II. THE TAYLOR CONTRACT

The first issue to determine is the authority of the attorney in fact to sign the Taylor contract. In *Love v. Simms' Lessee*, 22 U.S. 515, 6 L.Ed. 149 (1824), the Court reviewed a decision from the Circuit Court for the District of West Tennessee. There a grant had been made to Donaldson by the State of North Carolina of certain lands lying west of the Cumberland Mountains. Donaldson executed a power of attorney to Grant to sell this land. Grant sold the land to Allison in 1795. Two years prior to the sale by Grant to Allison, Donaldson had, without notice of revocation of the power of attorney, sold the same land to Adair. The contest was between the respective successors in title of Allison and Adair. On the question of the authority of Grant, the attorney in fact, to sell the land to Allison, the Court concluded:

> This [power of attorney] was supposed to be virtually revoked by the prior conveyance of the same land. . . . And this, on general principles, is unquestionably correct. Whatever liabilities, for damages or otherwise, Donaldson [owner] might have incurred by not revoking the power by due notice, it is unquestionable that a power must cease and determine when there is nothing left for it to act upon.

Compare the reasoning and holding in *Echaide v. Confederation of Canada Life Insurance*, 5th Cir., 459 F.2d 1377 (1972). See also Restatement, *Agency*, 2d, § 106 (1958).

█ We recognize that *Love* dealt with deeds conveying the property whereas here we deal with written contracts to sell the property. We conclude, however, that the principle announced in *Love* applies here because the attorney in fact, the real estate agent and Taylor all knew of the existence of the Buchanan contract whereby the owners had contracted to sell the land. Those three parties attempted to, among themselves, declare the Buchanan contract invalid. This they had no right to do insofar as the rights of the Buchanans are concerned.

We therefore, hold that the Taylor contract can not be enforced if the Buchanan contract is valid.

## III. THE BUCHANAN CONTRACT

█ We must determine if the quoted provisions of the Buchanan contract rendered the contract a "conditional contract" as found by the chancellor. A conditional contract is a contract the very existence and performance of which depends upon the happening of some contingency or condition expressly stated therein. *Real Estate Management v. Giles* (1956) 41 Tenn.App. 347, 293 S.W.2d 596. The intention and understanding of the parties at the time of making the contract will determine whether the contract is a conditional contract and whether the condition, if such it be, is a condition precedent or a condition subsequent. *Hyde v. Darden* (1870) 50 Tenn. 514; *Real Estate Management v. Giles, supra*; 17A C.J.S. *Contracts* §§ 337, 338.

There is a conflict in the evidence as to why the provision was inserted to give possession of the land to Buchanan for the crop year 1979. Stafford claims that Buchanan demanded that the provision be inserted because he, Buchanan, could not meet his note payments unless he farmed the land himself. Buchanan, on the other hand, testified that Stafford inserted the provision as a matter of course which suited Buchanan but that he, Buchanan, only wanted reasonable and customary rents for 1979. Buchanan stated that he had already talked with his brother-in-law about renting the farm to him. The chancellor expressly followed the Stafford version of the matter. We hold that under the entire record the

evidence preponderates against the chancellor's holding on this point.

■ Admittedly, it is frequently difficult to determine whether a particular stipulation in a contract constitutes a condition or a covenant. We adopt the reasoning that the difference relates largely to the remedy, and if the breach of the agreement pertains to the validity of the instrument or is a ground for forfeiture it is a condition, while if the remedy for a breach is an action at law for damages the agreement is a covenant. 17A C.J.S. *Contracts* § 337, citing: *U. S. v. Haynes School Dist. No. 8*, D.C., 102 F.Supp. 843; *Cavanagh v. Iowa Beer Co.*, 136 Iowa 236, 113 N.W. 856.

■ If the tenant, Taylor, refused to surrender the farm for the crop year 1979, the Buchanans could have instituted unlawful detainer proceedings against Taylor and the rights of the parties to possession of the land would have been determined. T.C.A. § 23–1604; *Marley v. Rodgers* (1833) 13 Tenn. 217. Should Taylor have prevailed and established his right to possession for the year 1979, the purchaser, Buchanan, would have had a cause of action against the sellers for damages suffered, if any.

We hold that the quoted provision of the Buchanan contract does not establish that the parties intended that failure of possession in the buyers, Buchanans, for the crop year 1979 would suspend, rescind or modify the principal obligation to buy and sell the realty—the provision was not intended as a condition. The provision that the buyers would have possession in 1979 was intended as a covenant, the breach of which the seller stood liable in damages.

■ The appellees argue that the failure of the owner to give six months notice to the tenant, Taylor, entitles Taylor to possession of the land for the year 1979. The parties fail to distinguish between a tenant under contract and a holdover tenant. It is only in the case of a tenant holding over from year to year that the six months notice is required. *Smith v. Holt* (1945) 29 Tenn.App. 31, 193 S.W.2d 100. In the present case there is no proof whether the tenant Taylor held over or whether he held possession under a series of one-year contracts with the owner. Be that as it may, it would have no bearing on this lawsuit because the Buchanan contract provision giving the buyers possession for the crop year 1979 is a covenant and not a condition.

The plaintiffs amended their complaint to ask for damages but there is no proof in the record of damages suffered by any party. We, therefore, affirm the chancellor in his disallowance of damages to any party in this lawsuit.

## IV. CONCLUSIONS

The chancellor's decree declaring the Buchanan contract invalid and ordering specific performance of the Taylor contract is reversed. A decree will be entered in this Court ordering specific performance of the Buchanan contract and declaring the Taylor contract invalid. The defendants Polk Johnson, Dona Johnson and Gerrold Johnson will refund to James Hoyt Taylor the $2,000 paid by Taylor to Gerrold Johnson. It will also be ordered that this cause be remanded to the Chancery Court sitting in Weakley County, Tennessee, for a determination of whether the defendant Taylor held possession of the land during the year 1979, and, if so, the chancellor shall determine the rents due the plaintiffs for the year 1979 as well as the year 1978 and give judgment accordingly. This order for judgment for rents will not in any manner affect the landlord's lien for 1978 and 1979 rents due the Buchanans. All other claims of all parties are dismissed. The costs in this Court and in the trial court are assessed against Robert L. Bouldin and Nicky Stafford d.b.a. Robert L. Bouldin Realty Company for which execution may issue, if necessary.

NEARN and EWELL, JJ., concur.