952 F.2d 403
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Parthasarathy S. PONNAPULA, Plaintiff/Appellee,
v.
CBC COMPANY, INC. Defendant/Appellant.
 No. 91-5786.
 United States Court of Appeals, Sixth Circuit.
 Jan. 15, 1992.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Parthasarathy Ponnapula brought this diversity action seeking the return of earnest money deposited pursuant to an "Offer To Purchase Real Estate Agreement" with CBC Company, Inc. ("CBC"). The district court granted summary judgment in favor of Ponnapula and ordered the return of his earnest money. CBC appeals and we affirm.
 
 
 2
 * On October 10, 1989, Ponnapula agreed to purchase the Quality Inn & Convention Center located in East Ridge, Tennessee from CBC. The agreement required Ponnapula to deposit $100,000.00 as earnest money and provided that Ponnapula would "pay for said real estate $3,435,000.00 firm (three million four hundred thirty-five thousand and-- Dollars) $350,000 Appx. in cash, the deferred balance of $3,085,000.00 +/- to be represented by notes bearing * per cent interest per annum, secured by lien or deed of trust on said property to be paid as follows: * per note and deed of trust by First Federal Savings & Loan which is an adjustable mortgage with current interest rate of 9.5% with 20 years amortization." The agreement further required "[b]uyer to release seller from their [sic] personal guarantee to Bank."[1]
 
 
 3
 CBC's president, C.B. Harbour, III, indicated that he could assist Ponnapula in assuming CBC's mortgage with First Federal. A meeting was held at First Federal on November 16, 1989 to review Ponnapula's application to assume CBC's mortgage. At the meeting Ponnapula submitted his application to assume CBC's mortgage along with tax returns from 1987 and 1988, and a copy of the subject contract. The application revealed that Ponnapula's net worth was approximately $20,000. First Federal indicated that it would not render a decision until sometime in December 1989 but conveyed skepticism regarding the application. Harbour also informed Ponnapula of his belief that the application would be rejected and that any lender would require a personal net worth of one million dollars before loaning the amount Ponnapula requested. At the meeting, First Federal informed Ponnapula that he would be allowed to supplement his application with further documentation prior to December 1, 1989. Ponnapula never submitted any supplementary documentation.
 
 
 4
 Ponnapula directed his attorney to request the return of his earnest money. A letter making this request was dispatched to CBC on November 16, 1989. CBC refused, and Ponnapula commenced this action. Ponnapula claims that the provision regarding financing constitutes a condition precedent to the contract to purchase the Quality Inn. The failure of this condition to occur prevented the contract from coming into existence, entitling Ponnapula to the return of his earnest money. CBC contends that this provision is not a condition but a convenant or, in the alternative, that Ponnapula failed to exercise good faith with respect to this provision.
 
 II
 
 5
 We review a district court's grant of summary judgment de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990).
 
 
 6
 * The contract provided that Ponnapula was to secure financing from First Federal on specific terms. The issue here is whether this provision constitutes a condition precedent, as Ponnapula contends, or a convenant, as CBC contends.
 
 
 7
 Under Tennessee law, "[a] party's obligation to perform a contract is relieved if that party in good faith is unable to complete conditions precedent by a closing deadline." Davidson & Jones Dev. Co. v. Elmore Dev. Co., 921 F.2d 1343, 1350 (6th Cir.1991) (applying Tennessee law); see Guilbert v. Phillips Petroleum Co., 503 F.2d 587 (6th Cir.1974) (Tennessee law requires that condition precedent be performed for contract to come into existence). The event upon which the existence of the contract is conditioned must be expressly stated in the contract. Real Estate Management, Inc. v. Giles, 293 S.W.2d 596, 599 (Tenn.App.1956). Although the event must be expressly stated, it need not be expressly denominated a condition. Whether a particular provision constitutes a condition or a covenant is determined by the intention of the parties. Hyde v. Darden, 50 Tenn. 515 (1871); Buchanan v. Johnson, 595 S.W.2d 827, 830 (Tenn.Ct.App.1979); cf. Restatement (Second) of Contracts § 226 comment a (1979).
 
 
 8
 We derive the intention of the parties by looking to "the circumstances of the particular transaction." Penske Truck Leasing Co. v. Huddleston, 795 S.W.2d 669, 671 (Tenn.1990); City of Memphis v. Ford Motor Co., 304 F.2d 845, 849 (6th Cir.1962) (applying Tennessee law). Furthermore, any ambiguity is to be strictly construed against the drafter, in this case CBC. Boatland, Inc. v. Brunswick Corp., 558 F.2d 818, 822 (6th Cir.1977) (applying Tennessee law); Hanover Ins. Co. v. Haney, 425 S.W.2d 590, 592 (Tenn.1968).
 
 
 9
 To satisfy the contract provision, a third party, First Federal Savings & Loan, had to extend financing on the terms specified in the contract. First Federal is not a party to the contract and is not subject to Ponnapula's control. He could only apply to First Federal and await its decision. The reliance on First Federal instead indicates that the parties intended this provision to be a condition.
 
 
 10
 In the particular circumstances of this transaction, it would be extreme to regard Ponnapula as covenanting to bring about something over which he exercised only marginal control. CBC had the opportunity to establish clearly that the contested provision was a covenant. While the parties could have entered into such an agreement, Tennessee law requires us to adopt the construction that is fair and reasonable. Real Estate Management, 293 S.W.2d at 599. Construing all ambiguity against CBC, the fair and reasonable construction is that the disputed provision is a condition precedent.
 
 
 11
 CBC argues that the determination of whether the subject provision is a convenant or a condition is governed by the remedy that follows the provision's nonoccurrence. Tennessee holds that "if the breach of the agreement pertains to the validity of the instrument or is a ground for forfeiture, it is a condition, while if the remedy for breach is an action at law for damages the agreement is a covenant." Buchanan, 595 S.W.2d at 831. Since CBC is entitled to retain the earnest money as liquidated damages for Ponnapula's failure to assume its mortgage, this provision must be a covenant.
 
 
 12
 This argument begs the question. The ultimate issue in this case is whether CBC is entitled to retain the earnest money. In order to determine the appropriate remedy, this court must first determine whether the subject provision is a covenant or a condition. CBC's circular argument sheds no light on this determination.
 
 
 13
 Where a condition precedent is unsatisfied, the contract does not come into existence. Guilbert, 503 F.2d at 590. Since there is no contract between Ponnapula and CBC, Ponnapula is entitled to the return of his earnest money.
 
 B
 
 14
 CBC claims that Ponnapula failed to exercise good faith in attempting to secure financing as specified in the contract. However, Ponnapula presented uncontroverted evidence that he submitted an application to assume CBC's mortgage, that he submitted tax returns to support the application, and that he attended the meeting scheduled by First Federal to discuss the application. This evidence is sufficient to satisfy Federal Rule of Civil Procedure 56(c), entitling Ponnapula to judgment as a matter of law. Once Ponnapula satisfied rule 56(c), CBC was required to "designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(e)). CBC has failed to designate and the record does not disclose any such facts.
 
 
 15
 CBC contends that Ponnapula's application was inadequate. Indeed, Ponnapula's personal net worth of approximately $20,000 was inadequate to support assuming three million dollars in debt. The record is devoid of any specific fact that would have made Ponnapula appear more creditworthy. It is evident that the inadequacy of Ponnapula's application was not due to bad faith. Although Ponnapula did not supplement his application after the meeting with First Federal, failure to avail one's self of an abstract opportunity is no evidence of bad faith.
 
 III
 
 16
 We find that the disputed provision constitutes a condition precedent. Therefore, we affirm the order of the district court that the earnest money be returned to Mr. Ponnapula.
 
 
 
 [1]
 The agreement was evidenced by a preprinted standard form with handwritten additions. The handwritten portions are here denoted by underlining