

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 16, 2016 Session

## KELLY D. BUSH, ET AL. v. COMMERCE UNION BANK D/B/A RELIANT BANK

**Appeal from the Chancery Court for Williamson County**
**No. 44489      James G. Martin, Chancellor**

_____

### No. M2016-00100-COA-R3-CV

_____

Kelly D. Bush and Byron V. Bush, DDS ("the Bushes") appeal the December 7, 2015 order of the Chancery Court for Williamson County ("the Trial Court") dismissing their suit against Commerce Union Bank d/b/a Reliant Bank ("Reliant"). We find and hold that the doctrine of prior suit pending applies to this case, and therefore, the Trial Court correctly dismissed this suit. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Byron V. Bush, DDS and Kelly D. Bush, Brentwood, Tennessee, pro se appellants.

Marc T. McNamee and Stephen M. Montgomery, Nashville, Tennessee, for the appellee, Commerce Union Bank d/b/a Reliant Bank.

**OPINION**

**Background**

In September of 2015, the Bushes filed a complaint ("the Instant Complaint") against Reliant. In the Instant Complaint, the Bushes acknowledged that they and Reliant also were parties to a suit that at the time was on appeal before this Court, *Commerce Union Bank, Brentwood, Tennessee d/b/a Reliant Bank v. Kelly D. Bush, et al.*, No. M2015-00396-COA-R3-CV, 2016 WL 3640259 (Tenn. Ct. App. June 29, 2016), *Rule 11*

*appl. perm. appeal denied Nov. 16, 2016* ("*Reliant v. Bush*").[1] By way of background, in *Reliant v. Bush* this Court affirmed the decision of the Trial Court and explained:

> This is a post-foreclosure action in which the lender seeks to recover a deficiency judgment, interest, and the costs of collection. In their answer, the borrowers asserted that the loan was a nonrecourse debt; thus, they were not liable for the deficiency. Alternatively, they asserted that the property sold at foreclosure for an amount materially less than its fair market value. Following a bench trial, the trial court concluded that the loan was a full recourse debt as to both borrowers. This determination was based on the finding, *inter alia*, that all parties intended the borrowers to be personally liable. The trial court also concluded that the lender was entitled to a deficiency judgment, finding that the borrowers failed to overcome the rebuttable presumption that the foreclosure sale price was equal to the fair market value of the property at the time of the foreclosure sale. *See* Tenn. Code Ann. § 35–5–118. The trial court awarded the lender a judgment of $640,783.41, plus interest and attorney's fees, against the borrowers jointly and severally.

> \* \* \*

> In 2006, Byron V. Bush, D.D.S., purchased approximately five acres of unimproved commercial property in Davidson County, Tennessee, located at the southeastern corner of the intersection of Old Hickory Boulevard and Interstate 24, referred to as "StarPointe property" or "StarPointe."

> On November 30, 2007, Dr. Bush and his wife, Kelly Bush (collectively "the Bushes"), entered into a Multipurpose Note and Security Agreement (the "Original Note") with Commerce Union Bank, Brentwood, Tennessee, d/b/a Reliant Bank ("Reliant") for the original principal amount of $1,500,000. To secure the Original Note, the Bushes concomitantly executed a deed of trust. Thereafter, the Original Note was renewed on three occasions to defer the due date: January 14, 2010; January 14, 2011; and May 14, 2011.

---

[1] This Court issued its Opinion in *Reliant v. Bush* on June 29, 2016. The Bushes filed a Rule 11 application for permission to appeal our decision in *Reliant v. Bush* to our Supreme Court. Permission to appeal was denied on November 16, 2016.

When the note matured on December 30, 2011, the entire principal balance remained unpaid and outstanding. Thereafter, the Bushes entered into a Forbearance Agreement in which they acknowledged that they were in default in the amount of $1,547,906.26 and waived all claims against Reliant. The agreement temporarily modified their payments due under the note until June 30, 2012, and provided the Bushes an opportunity to either (1) complete a sale of StarPointe prior to the expiration of the forbearance period and pay to Reliant $1,400,000 at closing, or (2) pay Reliant $1,400,000 prior to the expiration of the forbearance period. The Bushes failed to satisfy the requirements under the agreement, and by letter dated July 23, 2012, Reliant declared the note in default, accelerated the entire principal and interest balance, and made a demand for payment in full. When the Bushes did not cure the default, Reliant initiated foreclosure proceedings on StarPointe.

The foreclosure sale was scheduled to occur on September 28, 2012, but was postponed following Dr. Bush's petition for relief under Chapter 13 of the United States Bankruptcy Code, which he filed moments before the foreclosure sale was to begin. The bankruptcy petition was dismissed shortly after it was filed, and the foreclosure sale was rescheduled for December 4, 2012. The Bushes did not attend the foreclosure sale either in person or by representation. Reliant was the only bidder, bidding $1,050,000 based upon the appraisal Reliant ordered from B.G. Jones & Company, LLC prior to the original scheduled foreclosure date that valued the property at $1,050,000, with an effective date of September 19, 2012. Due to the foreclosure being delayed, B.G. Jones & Company, LLC, provided a second appraisal, with an effective date of January 2, 2013, that also valued the property at $1,050,000.

Because the foreclosure sale price did not fully satisfy the amount due under the note, Reliant filed a complaint seeking a deficiency judgment against the Bushes in the amount of $569,706.65, plus interest and costs of collection including attorneys' fees. In their answer, the Bushes alleged that they were not personally liable for the deficiency because the note was a nonrecourse note. They also alleged that StarPointe was sold at foreclosure for an amount "materially less" than its fair market value, which the Bushes claimed was "at least $1.8 million dollars."

During the four-day bench trial, the court heard testimony from the parties including Dr. Bush, Mrs. Bush, DeVan Ard, the president of Reliant, and Rick Belote, the senior vice president of Reliant. Ben Jones,

3

who prepared two appraisals, testified for Reliant, and Eric Boozer, who prepared one appraisal, testified for the Bushes. A third appraiser, Marvin Maes, testified for the Bushes, but he did not appraise the property.

The parties agreed and the trial court found that there were two issues to be decided: (1) whether the note made by the Bushes to the order of Reliant was intended by the parties to be a nonrecourse note; and (2) whether Reliant bid materially less than fair market value for StarPointe at the foreclosure sale.

At the conclusion of the trial, the court entered separate orders addressing each issue, which include extensive findings of fact and conclusions of law. As to the first issue, by Order entered October 14, 2014, the trial [court] found that the loan from Reliant to the Bushes is a full recourse transaction and that they are liable to Reliant for the entire amount of the deficiency. Concerning the foreclosure sale price of StarPointe, by order Memorandum and Order [sic] entered October 22, 2014, the trial court found that the Bushes' evidence concerning value did not overcome the presumption afforded Reliant, pursuant to Tenn. Code Ann. § 35–5–118, that the foreclosure sale price equaled the fair market value on the date of the foreclosure sale.

Throughout the trial court proceedings, the Bushes were represented by attorney Todd Sandahl. Immediately following the trial, Dr. Bush dismissed Mr. Sandahl as his attorney, and Mr. Sandahl was granted leave to withdraw from representing Dr. Bush. However, Mr. Sandahl continued to represent Mrs. Bush during the post-trial proceedings and in this appeal. Dr. Bush has represented himself since dismissing Mr. Sandahl.

*Reliant v. Bush,* 2016 WL 3640259, at **1-2.

In the Instant Complaint the Bushes, both now pro se, allege claims arising out of the Multipurpose Note and Security Agreement, the renewals of the Multipurpose Note and Security Agreement, and the Forbearance Agreement. Specifically, the *ad damnum* clause in the Instant Complaint states:

**WHEREFORE, PREMISES CONSIDERED [THE BUSHES] PRAY:**

1. That proper process issue and be served upon [Reliant] requiring it to answer this Complaint;
2. That this case be stayed until the Prior Case is settled.

4

3. That a jury of twelve (12) peers be empanelled to hear this cause;

4. That the Multipurpose Note and Security Agreement dated November 30, 2007 with the separate Third Party Agreement be honored for its clear non-recourse provision.

5. That the Renewals and Forbearance Agreement be voided because they were fraudulently induced by [Reliant] upon [the Bushes].

6. That the financial reporting to the credit bureaus regarding the delinquency of the note be rectified completely by [Reliant];

7. That the Court to award [sic] twice the amount of the interest that [the Bushes] have paid plus [the Bushes'] reasonable attorney's fees in this matter pursuant to Tenn. Code Ann. § 37-14-117(c)(1);

8. That a judgment of $13,000,000.00 (THIRTEEN MILLION DOLLARS) be awarded to [the Bushes] as reasonable compensation from [Reliant]; and,

9. For all other relief this court may deem proper, including reasonable attorney's fees, discretionary costs and the costs of this cause.

10. That a formal apology from Reliant Bank, both written and verbal, be made to [the Bushes] for [Reliant's] unlawful and fraudulent actions which have caused years of despair, heartache and suffering.

Reliant filed a motion to dismiss the Instant Complaint alleging, in pertinent part, that the Instant Complaint should be dismissed under the prior suit pending doctrine because it involved the same parties and same subject matter as involved in *Reliant v. Bush*. After a hearing, the Trial Court entered its order on December 7, 2015, denying Reliant's motion to dismiss on the ground of prior suit pending, but then dismissing the Instant Complaint on several other grounds. The Bushes appeal the dismissal of the Instant Complaint to this Court.

## Discussion

The Bushes attempt to raise multiple issues on appeal. The dispositive issue, however, is whether the Trial Court erred in dismissing the Instant Complaint. Reliant raises an issue regarding whether this appeal should be deemed frivolous entitling them to an award of attorney's fees and expenses.

In the case now before us, Reliant filed a motion to dismiss alleging that the doctrine of prior suit pending made the Instant Complaint subject to dismissal. As our Supreme Court has instructed:

A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint.

5

*Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (*citing Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).

A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5-6(g), at 5-111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

This Court has discussed the doctrine of prior suit pending stating:

The doctrine of prior suit pending is instructive on this issue. The doctrine of prior suit pending "is derived from the ancient common-law rule prescribing that a person 'shall not be . . . twice vexed for one and the same cause.' " *West v. Vought Aircraft Industries, Inc.*, 256 S.W.3d 618, 622 (Tenn. 2008)(quoting *Sparry's Case*, (1591) 77 Eng. Rep. 148, 148 (Exch.); accord *Ex parte State Mut. Ins. Co.*, 715 So.2d 207, 213 (Ala. 1997)). Under the rule as it evolved under common-law, "a party could have an action barred on procedural grounds if there was a prior suit pending against him in the same jurisdiction for the same cause of action." *Id.* (citing 1 William M. McKinney, *The Encyclopedia of Pleading and Practice: Under the Codes and Practice Acts, at Common Law, in Equity*

6

*and in Criminal Cases* 750–51 (Northport, Edward Thompson Co. 1895); *Sparry's Case*, 77 Eng. Rep. at 148). The philosophical underpinnings of the rule has [sic] been summarized as:

> The law abhors multiplicity of actions; and therefore whenever it appears on record, that the plaintiff had sued out two writs against the same defendant for the same thing, the second writ shall abate; for if it were allowed that a man should be twice arrested, or twice attached by his goods for the same thing, by the same reason he might suffer *in infinitum*; . . . if there was a writ in being at the time of suing out the second, it is plain the second was vexatious, and ill *ab initio*.

*Id.* at 622–623 (quoting 1 Matthew Bacon, *A New Abridgement of the Law* 22 (7th ed. London, Strahan 1832)).

> Under this "fixture of American common law[,]" an action will be dismissed when another suit is pending on the same subject matter. *Id.* (citation omitted). The defense of prior suit pending contains four elements: "1) the lawsuits must involve identical subject matter; 2) the lawsuits must be between the same parties; 3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and 4) the former lawsuit must be pending in a court having personal jurisdiction over the parties." *Id.* (citations omitted).

*Childs v. UT Med. Group, Inc.*, 398 S.W.3d 163, 169-70 (Tenn. Ct. App. 2012).

At the time of the hearing and the entry of the Trial Court's order on Reliant's motion to dismiss, the appeal of *Reliant v. Bush* was pending before this Court. Both the instant suit and *Reliant v. Bush* involve the same parties. There is no question that this Court had both subject matter jurisdiction and personal jurisdiction over the parties in *Reliant v. Bush*. Furthermore, the instant suit and *Reliant v. Bush* involve identical subject matter. Specifically, *Reliant v. Bush* was a post-foreclosure action involving the Bushes' default on the Multipurpose Note and Security Agreement, the renewals of the Multipurpose Note and Security Agreement, and the Forebearance Agreement. In the Instant Complaint, the Bushes seek to re-litigate issues surrounding the Multipurpose Note and Security Agreement, specifically requesting "That the Multipurpose Note and Security Agreement dated November 30, 2007 with the separate Third Party Agreement be honored for its clear non-recourse provision," and "That the Renewals and

7

Forbearance Agreement be voided because they were fraudulently induced by [Reliant] upon [the Bushes]."

All four elements of the doctrine of prior suit pending were present at the time the Trial Court entered its order granting Reliant's motion to dismiss. The doctrine of prior suit pending applies to the instant case, and the Instant Complaint correctly was dismissed.[2] As the Trial Court should have dismissed the Instant Complaint on the basis of prior suit pending, the Trial Court should not have addressed the remaining grounds for dismissal, and we likewise will not address them.

In the exercise of our discretion, we decline to hold this appeal frivolous and further decline to award attorney's fees and expenses.

## Conclusion

The judgment of the Trial Court granting the motion to dismiss is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Byron V. Bush, DDS and Kelly D. Bush.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[2] The Trial Court dismissed the Instant Complaint upon grounds other than prior suit pending. "[I]f the Trial Judge reached the right result for the wrong reason, there is no reversible error." *Robinson v. Currey*, 153 S.W.3d 32, 40 (Tenn. Ct. App. 2004) (quoting *Shutt v. Blount*, 249 S.W.2d 904, 907 (Tenn. 1952)).