**Onvil ROBINSON, et al.**

v.

**Dorothy R. CURREY, et al.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

March 25, 2004 Session.

June 29, 2004.

Permission to Appeal Denied by Supreme Court Dec. 6, 2004.

---

Larry L. Crain, Brentwood, Tennessee, for the Appellants, Onvil Robinson and Lara Fyfe.

William M. Foster, Chattanooga, Tennessee, for the Appellees, Dorothy R. Currey and Jack L. Currey.

## OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J. and WILLIAM H. INMAN, Sr. J., joined.

Onvil Robinson and Lara Fyfe [1] ("Plaintiffs") sued Dorothy R. Currey and Jack L. Currey [2] ("Defendants") regarding a condominium unit Plaintiffs purchased from Defendants. Plaintiffs based their claims against Defendants upon the Tennessee Consumer Protection Act, Tenn.Code Ann. § 47–18–101 *et. seq.,* and the Tennessee Residential Property Disclosures Act, Tenn.Code Ann. § 66–5–201 *et. seq.* Plaintiffs later conceded the Tennessee Consumer Protection Act did not apply to Defendants. The Trial Court granted Defendants summary judgment on the Tennessee Residential Property Disclosures Act claim. Plaintiffs filed a Rule 59 motion to alter or amend, which the Trial Court denied citing both procedural and substantive problems with Plaintiffs' case. Plaintiffs appeal. We affirm.

### *Background*

This lawsuit arose out of the sale and purchase of a condominium ("the condo") located in Signal Mountain, Tennessee. Plaintiff Onvil Robinson purchased the condo from Dorothy R. Currey [3] through

---

**1.** Plaintiffs later admitted that Lara Fyfe, Ms. Robinson's niece, was not a purchaser of the condo and has no ownership interest in the condo.

**2.** Plaintiffs also sued a number of other parties including a mortgage company, real estate agents, and exterminators. None of these other defendants are involved in this appeal. We discuss only the facts directly relevant to the issues on appeal.

**3.** Dorothy R. Currey died during the pendency of this suit.

Ms. Currey's son, Jack L. Currey, who held Ms. Currey's power of attorney. After the purchase, Plaintiffs discovered mold and other fungi organisms growing under the carpet, water damage, and a defective HVAC unit.

The only representations made by Defendants about the condo were made in a Tennessee Residential Disclosure Statement provided to Plaintiffs prior to closing. Plaintiff Onvil Robinson never spoke with either Defendant prior to the closing. The Tennessee Residential Disclosure Statement asked if the seller was aware of any "[f]looding, drainage, or grading problems" and Defendants checked the box that said 'no'. Defendants also checked the box that said 'no' for the question that asked if seller was aware of any "[p]roperty or structural damage from fire, water, . . . or wood destroying organisms." Defendant Jack Currey was aware of a plumbing problem that occurred prior to closing, but understood that problem was fixed. Plaintiffs' expert, Walter Carter, opined, during his deposition, that even a certified home inspector would not have identified any mold growth in the condo and that other than a piece of plumbing pipe left on the ground in the crawl space, there was no indication of any flooding in the condo.

Initially, Plaintiffs based their claims against Defendants on alleged violations of the Tennessee Consumer Protection Act, Tenn.Code Ann. § 47–18–101 *et. seq.* Defendants filed a motion for summary judgment. Plaintiffs responded and, among other things, filed the affidavits of Onvil Robinson and Lara Fyfe. Plaintiffs also filed a motion to amend the complaint to include, among other things, a claim against Defendants based upon alleged violations of the Tennessee Residential Property Disclosures Act, Tenn.Code Ann. § 66–5–201 *et. seq.* In an order entered November 1, 2002, the Trial Court granted Plaintiffs' motion to amend the complaint "in order to prepare as full a record as possible in the event that there is an appeal from any ruling with respect to the pending dispositive motions." The Trial Court also allowed the parties additional time to supplement the motions for summary judgment and the responses thereto.

Plaintiffs filed a second affidavit of Onvil Robinson. Defendants moved to strike portions of Onvil Robinson's and Lara Fyfe's affidavits arguing, in part, that the assertions made in the affidavits were not based upon personal knowledge. The Trial Court entered its Memorandum and Judgment on January 21, 2003, finding and holding that its November 1, 2002, order rendered the motion to strike portions of the affidavits moot "because that Order contemplated a new submission by the Plaintiffs in response to [Defendants'] motion"; that Plaintiffs conceded the Tennessee Consumer Protection Act did not apply to Defendants because Defendants were not in the business of selling real estate; and that "there is absolutely no evidence to show that [Defendants] knew of the existence of the mold or any extensive water damage." The detailed January 21, 2003, judgment granted Defendants summary judgment.

Plaintiffs filed a motion to alter or amend and/or set aside the summary judgment. A hearing was held on this motion on April 21, 2003. On April 28, 2003, the Trial Court entered an order setting aside the order granting summary judgment to Defendants and allowing Plaintiffs "ten days from the entry of this order" to supplement their responses to Defendants' motion for summary judgment. Defendants then filed a motion to set aside the Trial Court's April 28, 2003, order because "Plaintiffs' counsel failed to submit his proposed Order to defense counsel prior to

filing it, as required by Local Rules 5.02 and 5.03(a)."

On May 8, 2003, Plaintiffs filed affidavits of Onvil Robinson, Gene Konsavage, Hershel Dick, Lara Fyfe, Walter Carter, and Terry W. Rankin. The affidavits of Onvil Robinson, Gene Konsavage, Hershel Dick, and Walter Carter were filed with facsimile signatures rather than original signatures. In addition, the signature pages of several of these affidavits contained a different type face than the remainder of the document. The affidavit of Terry W. Rankin was filed without a signature and Plaintiffs re-filed this affidavit on May 12, 2003, with a facsimile signature.

On May 16, 2003, the Trial Court entered an order correcting its April 28, 2003, order, which Plaintiffs' counsel had failed to submit to defense counsel prior to presenting it to the Trial Court. In the May 16, 2003, order, the Trial Court held that "Plaintiffs shall have until May 1, 2003, to submit supplemental affidavits in support of [their motion to alter or amend]." The Trial Court later entered its Memorandum and Order on July 2, 2003, holding, *inter alia*, that the supplemental affidavits filed by Plaintiffs on May 8, 2003, were not timely filed because they were filed seven days after the May 1, 2003, deadline set by the Trial Court at the April 21, 2003, hearing; that the supplemental affidavits filed by Plaintiffs violated the Local Rules because they were filed with facsimile signatures instead of original signatures; and that the affidavit of Terry W. Rankin filed on May 8, 2003, contained no signature and, therefore, violated the Local Rules. The Trial Court further held that the affidavit of Walter Carter, which stated: "[I]t is my opinion that even a casual observer would have expected the materials beneath the flooring to have been exposed to water damage" contradicted Mr. Carter's previous

testimony and, therefore, his contradictory statements cancelled each other out. The July 2, 2003, order again entered summary judgment in favor of Defendants. Plaintiffs appeal to this Court.

### Discussion

Although not stated exactly as such, Plaintiffs raise two issues on appeal: 1) whether the Trial Court erred in granting summary judgment with respect to Plaintiffs' Tennessee Residential Disclosures Act claim; and 2) whether the Trial Court erred by refusing to consider the affidavits filed with Plaintiffs' Rule 59 motion to alter or amend the judgment in deciding whether to grant Defendants summary judgment. Defendants raise the issue of whether this is a frivolous appeal.

We first will consider whether the Trial Court erred in granting summary judgment with respect to Plaintiffs' claim under the Tennessee Residential Disclosures Act. In *Blair v. West Town Mall*, our Supreme Court recently reiterated the standards applicable when appellate courts are reviewing a motion for summary judgment. *Blair v. West Town Mall*, 130 S.W.3d 761 (Tenn.2004). In *Blair*, the Court stated:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *See Staples v. CBL & Assoc., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Hunter v. Brown*, 955 S.W.2d 49, 50–51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that sum-

mary judgment is appropriate where: 1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and 2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Staples*, 15 S.W.3d at 88.

＊ ＊ ＊

When the party seeking summary judgment makes a properly supported motion, the burden shifts to the non-moving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

*Blair*, 130 S.W.3d at 763, 767 (quoting *Staples*, 15 S.W.3d at 88–89) (citations omitted)).

Our Supreme Court has also provided instruction regarding assessing the evidence when dealing with a motion for summary judgment stating:

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210–11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

*Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn.2000).

The Tennessee Residential Disclosures Act, codified at Tenn.Code Ann. § 66–5–201 *et. seq.*, relied on by Plaintiffs, provides, in pertinent part:

With regard to transfers described in § 66–5–201, the owner of the residential property shall furnish to a purchaser one of the following:

(1) A residential property disclosure statement in the form provided in this part regarding the condition of the property, including any material defects known to the owner.... The owner shall not be required to undertake or provide any independent investigation or inspection of the property in order to make the disclosures required by this part; ...

Tenn.Code Ann. § 66–5–202 (2003). Tennessee Code Annotated § 66–5–204 provides, in pertinent part, that "[t]he owner shall not be liable for any error, inaccuracy or omission of any information delivered pursuant to this part if: (1) The error, inaccuracy or omission was not within the actual knowledge of the owner...." Tenn. Code Ann. § 66–5–204(a) (2004).

■ The Trial Court found, in its January 21, 2003, Memorandum and Judgment that "there is absolutely no evidence to

show that [Defendants] knew of the existence of the mold or any extensive water damage." The Trial Court found, and we agree, that Defendants affirmatively negated an essential element of Plaintiffs' claim, that the alleged "material defects [were] known to the owner." Tenn.Code Ann. § 66–5–202 (2003). The burden then shifted to Plaintiffs to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. Plaintiffs failed to carry this burden as they submitted nothing to the Trial Court establishing the existence of any disputed material fact relevant to this essential element of Plaintiffs' claim. As there were no genuine issues with regard to the material facts and Defendants affirmatively negated an essential element of Plaintiffs' claim, summary judgment was proper. We affirm the Trial Court's initial grant of summary judgment on January 21, 2003, to Defendants with respect to Plaintiffs' Tennessee Residential Disclosures Act claim. This, however, does not end our analysis as Plaintiffs filed a Rule 59 motion to alter or amend the judgment.

We next consider whether the Trial Court erred by refusing to consider, in deciding Defendants' Rule 56 Motion, the affidavits filed with Plaintiffs' Rule 59 motion to alter or amend the judgment. "We review a trial court's denial of a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment for abuse of discretion." *Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct.App.2003). This Court discussed Rule 59 motions in detail in *Chambliss* stating:

> In *Schaefer v. Larsen*, this Court stated:
>
> > when a summary judgment has been granted because the case at that point presents no facts upon which a plaintiff can recover, but prior to that judgment becoming fi-

nal, the plaintiff is able to produce by motion facts which are material and are in dispute, the motion to alter or amend the judgment should be looked upon with favor, as the purpose of the summary judgment procedure is not to abate the trial docket of the Trial Court, but only to weed out cases for trial in which there is no genuine issue of fact.

*Schaefer v. Larsen*, 688 S.W.2d 430, 433–34 (Tenn.Ct.App.1985).

> Thirteen years later, this Court further explained that although
>
> > *Schaefer v. Larsen* expressed some inclination to relax the strict requirements associated with motions for new trial based on newly discovered evidence, no court has held that the issues of diligence and availability cannot or should not be considered when a party seeks to alter or amend a summary judgment using new evidence.

*Bradley*, 984 S.W.2d at 933.

> As we discussed in *Bradley*:
>
> > Oftentimes, lawyers seeking to overturn a summary judgment after it has been granted overlook the fact that the trial courts may deny a Tenn. R. Civ. P. 59.04 motion seeking to introduce new evidence if there is no particularized showing of due diligence or of the reasons why the new evidence could not have been discovered and presented prior to the initial consideration of the summary judgment motion.

*Id.* The standard expressed in *Schaefer* was not intended to provide a second bite at the apple for a party who did not take a motion for summary judgment seriously until the motion was granted. Summary judgment standards are both well settled, as discussed above, and difficult for the moving party to meet.

Parties on both sides of a summary judgment motion must heed those standards. The non-moving party must fully oppose a motion for summary judgment before it is granted rather than rely on Rule 59.04 to overturn a summary judgment after only weakly opposing the motion.

In *Harris v. Chern,* our Supreme Court in dealing with a revision under Rule 54.02 of a partial summary judgment discussed *Schaefer* and *Bradley,* but noted that "[t]he question of what standard to apply in ruling on a Rule 59.04 motion to alter or amend, presented in *Schaefer* and *Bradley,* is not directly at issue in [*Harris*] and is thus beyond our reach." *Harris v. Chern,* 33 S.W.3d 741, 746 n. 4 (Tenn.2000). The *Harris* Court did, however, note that "many of the same considerations discussed [in *Harris*] would be applicable when a litigant submits additional evidence as part of a Rule 59.04 motion to alter or amend a summary judgment." *Id.* The *Harris* considerations require a trial court dealing with a Tenn. R. Civ. P. 54.02 motion to revise a grant of partial summary judgment to consider:

1) the movant's efforts to obtain evidence to respond to the motion for summary judgment; 2) the importance of the newly submitted evidence to the movant's case; 3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment; 4) the likelihood that the nonmoving party will suffer unfair prejudice; and 5) any other relevant factor.

*Id.* at 742. The standard set out in *Bradley* requiring, in a Rule 59.04 motion, a particularized showing of due diligence or of the reasons why the new evidence could not have been discovered and presented prior to the initial hearing on the summary judgment motion takes into account several of the same factors considered in *Harris.*

*Chambliss,* 124 S.W.3d at 120–21.

In this case, we believe there are several important considerations including, among others, the Plaintiffs' efforts to obtain the evidence to respond initially to the summary judgment motion and the Plaintiffs' explanation for the failure to offer the evidence in their initial response. Plaintiffs made no showing of due diligence and offered no explanation as to why the newly submitted evidence could not have been submitted earlier. In addition, as the Trial Court noted, Plaintiffs violated the Local Rules regarding signatures on the affidavits and failed to file the affidavits in a timely manner. Further, Mr. Carter's affidavit contradicted his previous testimony given in this case. We will discuss each of these other relevant factors separately below.

First we discuss Plaintiffs' failure to comply with the Local Rules regarding the signatures on the affidavits. The Local Rules of Practice for Chancery and Circuit Courts of Hamilton County, Tennessee Sec. 3.06 provides that "[p]apers to be filed or lodged that require the signature of a party, the party's counsel, or other individual or entity shall contain the original signature." LRCP § 3.06.

The affidavit of Terry W. Rankin filed on May 8, 2003, contained no signature and, therefore, the Trial Court was correct in refusing to consider this affidavit. Plaintiffs concede this point in their appellate brief. The affidavits of Onvil Robinson, Gene Konsavage, Hershel Dick, and Walter Carter filed on May 8, 2003, were filed with facsimile signatures, not original signatures and, thus, violated the Local Rules.

■ In its July 2, 2003, order, the Trial Court cited the Local Rule of Practice for Chancery and Circuit Courts of Hamilton County, Tennessee Sec. 4.03, which addresses whether facsimile transmittal papers or pleadings may be filed, in support of its ruling regarding the affidavits containing facsimile signatures. LRCP § 4.03. However, in this case, Plaintiffs did not attempt to file the affidavits by facsimile. The issue regarding the signatures arose because Plaintiffs attempted to file affidavits that contained original face pages and signature pages with facsimile signatures. In addition to the facsimile signatures, the affidavits each have internal inconsistencies in things such as type face, paragraph numbering, and sentence structure. The Trial Court found in its July 2, 2003, Memorandum and Order that

[n]ot only were the Plaintiffs' affidavits facsimiles, it appears that only the first page was an original in order to convince the clerk to file the affidavits. This conclusion is reached by the court because the Plaintiffs only filed the affidavit of Lara Fyfe correctly. At the argument of the motion, the Plaintiffs' attorney was given the opportunity to explain why and how these filings occurred, but he did not.

"[I]f the Trial Judge reached the right result for the wrong reason, there is no reversible error." *Shutt v. Blount*, 194 Tenn. 1, 249 S.W.2d 904, 907 (1952). We find no abuse of discretion by the Trial Court in considering these troubling procedural defects of these affidavits when exercising its discretion as to whether to grant Plaintiffs' Rule 59 motion.

While the affidavit of Lara Fyfe was filed with an original signature, this affidavit provided no evidence that would tend to show Defendants knew about the mold or any extensive water damage in the condo prior to the sale to Plaintiff Onvil Robin-

son. This affidavit did nothing to establish the existence of any disputed material fact as to this necessary element of Plaintiffs' claim.

■ The affidavit of Walter Carter, in addition to violating the Local Rules regarding the signature, made assertions that contradicted Mr. Carter's previous testimony. Specifically, Mr. Carter, previously swore, during his deposition, that a certified home inspector would not have identified any mold growth in the condo and that other than a piece of plumbing pipe left on the ground in the crawl space, there was no indication of any flooding in the condo. In his affidavit, however, Mr. Carter stated: "[I]t is my opinion that even a casual observer would have expected the materials beneath the flooring to have been exposed to water damage."

■ It is a well settled rule in Tennessee that "contradictory statements by the same witness regarding a single fact cancel each other out." *Church v. Perales*, 39 S.W.3d 149, 169 (Tenn.Ct.App.2000); *e.g., Johnston v. Cincinnati, N.O. & T.P. Ry. Co.*, 146 Tenn. 135, 240 S.W. 429, 436 (1922); *In Re: Estate of Ross*, 969 S.W.2d 398, 400 (Tenn.Ct.App.1997); *Taylor v. Nashville Banner Publ'g Co.*, 573 S.W.2d 476, 482 (Tenn.Ct.App.1978). The rule of cancellation applies only "when the inconsistency in the witness's testimony is unexplained and when neither version of his testimony is corroborated by other evidence." *Taylor*, 573 S.W.2d at 483. "The testimony of a witness as to a particular fact may have value even though he has both affirmed and denied it if the contradiction is explained and is shown to have been the result of misunderstanding or inadvertence." *Johnston*, 240 S.W. at 435.

No explanation was provided for the inconsistencies in Mr. Carter's testimony nor was other evidence produced to corrobo-

rate the version of his testimony given in his affidavit. As such, the Trial Court was correct in applying the rule of cancellation and holding that the contradictory statements made by Mr. Carter cancelled each other out.

■ Even if the Trial Court erred in refusing to consider the affidavits because they lacked original signatures and, as to Mr. Carter's affidavit, contained testimony contradictory to his previous testimony, the Trial Court in exercising its discretion had other valid grounds for refusing to consider the affidavits. The Trial Court held that the affidavits filed May 8, 2003, were not filed timely. The Local Rules of Practice for Chancery and Circuit Courts of Hamilton County, Tennessee provide, in pertinent part, that:

**Sec. 5.01. Preparation**

(a) In every case or motion disposed of by an oral ruling of the Court, the Order or Judgment is to be drawn by counsel for the prevailing party unless otherwise ordered.

(b) Unless the Court allows a greater time, the Order or Judgment is to be prepared and forwarded to adversary counsel within five (5) days of the hearing or trial. . . .

\* \* \*

**Sec. 5.02 Approval**

(a) Unless waived by the Court, all orders proposed to be entered shall be submitted to all parties or their counsel for approval. . . .

LRCP §§ 5.01 and 5.02.

In this case, Plaintiffs prevailed, at least to some extent, on the motion heard on April 21, 2003. Thus, under the Local Rules, Plaintiffs' counsel had the responsibility to draw the appropriate order and submit it within five days of the hearing to all parties or their counsel for approval before submitting it to the Trial Court for entry. Plaintiffs' counsel drew the order, but did not submit it to the other parties or their counsel for approval prior to presenting it to the Trial Court. The order Plaintiffs' counsel drafted stated: "Plaintiffs shall have ten days from the entry of this order within which to supplement their earlier responses to the Defendants' motions for summary judgment." This order was entered on April 28, 2003. On April 30, 2003, counsel for the various defendants involved in the case joined together and moved the Trial Court to set aside the April 28, 2003, order because of Plaintiffs' failure to submit the proposed order to the other parties prior to presenting it to the Trial Court for entry. Basically, Defendants argued the April 28, 2003, order did not accurately reflect what the Trial Court held on April 21. The Trial Court agreed with Defendants and entered an order on May 16, 2003, correcting the April 28, 2003, order and stating: "Plaintiffs shall have until May 1, 2003, to submit supplemental affidavits in support of [their] Motion." The Trial Court's May 16, 2003, order did not grant Plaintiffs' Motion to Alter or Amend and/or Set Aside Summary Judgment, but did delay a ruling on that motion and also allowed Plaintiffs additional time, until May 1, 2003, to submit supplemental affidavits in support of their motion.

The Tennessee Rules of Civil Procedure provide, in pertinent part, that:

any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all

the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02.

The April 28, 2003, order was a non-final order and, thus, was subject to revision and certainly to correction to accurately reflect the Trial Court's ruling. In its May 16, 2003, order, the Trial Court revised the April 28, 2003, order to correctly reflect the time extension given to Plaintiffs by the Trial Court when it made its oral ruling at the April 21, 2003, hearing. Thus, Plaintiffs had until May 1, 2003, to submit supplemental affidavits. Plaintiffs did not submit supplemental affidavits until May 8, 2003, seven days after the deadline. We find no abuse of discretion by the Trial Court in refusing to consider the supplemental affidavits, which were not filed timely and which contained the other defects as discussed.

We find no abuse of discretion in the Trial Court's refusal to consider the affidavits filed with Plaintiffs' Rule 59 motion to alter or amend. Plaintiffs made no showing of due diligence, provided no explanation as to why the evidence was not produced sooner, and the affidavits Plaintiffs produced were deficient in several respects. We affirm the Trial Court's denial of Plaintiffs' Rule 59 motion. Having first held that the Trial Court's initial grant of summary judgment to Defendants was proper and now having found no error in the Trial Court's denial of Plaintiffs' Rule

59 motion to alter or amend and its refusal to consider the affidavits that accompanied that motion, we affirm the Trial Court's grant of summary judgment to Defendants.

Finally, we consider Defendants' issue, whether this is a frivolous appeal. "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed." *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn.Ct.App.1995) (quoting *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202 (Tenn.1978)). Exercising our discretion, we decline to hold this is a frivolous appeal, and further decline to award Defendants any additional attorney fees and costs incurred by this appeal.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellants, Onvil Robinson and Lara Fyfe, and their surety.