# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 16, 2019 Session

## SAMMIE L. BROOKINS ET AL. v. SAINT FRANCIS HOSPITAL FOUNDATION ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-002743-16  Mary L. Wagner, Judge**

_____

### No. W2018-00255-COA-R3-CV

_____

After husband's health care liability complaint was dismissed without prejudice for lack of prosecution, husband and wife re-filed in reliance on the savings statute.  The intended defendant, who had neither been served nor named in connection with the first complaint, was eventually named in an amended complaint after the second complaint had been filed.  The trial court later dismissed the action against the intended defendant, holding, among other things, that the case was barred by the statute of limitations.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ROBERT E. LEE DAVIES, SR. J., joined.

Sammie L. Brookins, and Deloris T. Brookins, Pro se.

Jonathan T. Martin, and Sara M. Garner, Memphis, Tennessee, for the appellee, AMISUB (SFH), Inc. d/b/a St. Francis Hospital.

## MEMORANDUM OPINION[1]

## BACKGROUND AND PROCEDURAL HISTORY

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This appeal involves questions pertaining to the application of Tennessee's savings statute, Tennessee Code Annotated section 28-1-105. As much of the background information pertaining to this case was detailed by this Court in a prior opinion, *see Brookins v. Tabor*, No. W2017-00576-COA-R3-CV, 2018 WL 2106652 (Tenn. Ct. App. May 8, 2018) ("*Brookins I*"), we detail it only briefly here.

Appellant Sammie Brookins originally initiated this case on January 29, 2015, when he filed a health care liability complaint against a number of defendants asserting negligence based on an alleged failed hip replacement, subsequent infection, and kidney failure. *Brookins I*, at *1. Among the named defendants were Dr. John Fleenor and the "St. Francis Hospital, Inc. Foundation." Although all defendants other than Dr. Fleenor and the "Foundation" were dismissed following a notice of voluntary non-suit, the trial court dismissed the complaint against Dr. Fleenor and the "Foundation" in September of 2015 without prejudice "for lack of prosecution." *Id.* There is no dispute that the "Foundation" was not an entity in existence at the time legal proceedings were brought by Mr. Brookins, and it should be noted that prior to the trial court's dismissal for lack of prosecution, a summons issued to the "Foundation" was returned "Not to Be Found." Mr. Brookins concedes he never issued an alias summons to the "Foundation" in connection with this complaint.

Mr. Brookins subsequently filed a second complaint for the same acts of negligence on July 6, 2016, invoking the savings statute codified at Tennessee Code Annotated section 28-1-105. *Id.* The complaint was filed against the same defendants as the first action, including the "Foundation." *Id.* AMISUB (SFH), Inc. d/b/a St. Francis Hospital, who is the only appellee in this appeal, was again not named as a defendant in this complaint. Unlike the first complaint from January 2015, for the first time Mr. Brookins' wife, Deloris Brookins, was named as a plaintiff in the second complaint, asserting a claim for loss of consortium. *Id.* at *1, 8.

Following the filing of the second complaint, multiple defendants moved to dismiss the complaint on varying bases. *Id.* at *1. For his part, Dr. Fleenor contended that the savings statute was not available to Mr. Brookins because the original complaint had never been served upon him in accordance with Rule 3 of the Tennessee Rules of Civil Procedure. *Id.* The trial court subsequently dismissed the complaint as to several defendants, including Dr. Fleenor, and certified its orders of dismissal as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. The appeal in *Brookins I* subsequently followed. Although neither the "Foundation" nor AMISUB (SFH), Inc. were parties to that appeal, some of our prior discussion is instructive to the disposition of the present appeal, as will be evident.

In affirming the dismissal of the complaint against Dr. Fleenor, we specifically noted as follows:

Assuming that the complaint filed on January 29, 2015, was filed within the one-year statute of limitations as against all of the defendants, we conclude Mr. Brookins' claims against Dr. Fleenor as set forth in his 2016 complaint are barred because he failed to comply with the saving statute. This is because Mr. Brookins did not serve Dr. Fleenor with process as required by the saving statute, Tenn. Code Ann. § 28–1–105, set forth above, upon which the plaintiffs expressly relied when they filed their second complaint on July 6, 2016.

Rule 3 of the Tennessee Rules of Civil Procedure explains what it means to "commence" a civil action:

All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. *If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.*

(Emphasis added.) Although process was issued for each of the defendants when the January 2015 complaint was filed, there is no dispute that Dr. Fleenor was not served with the complaint before the trial court dismissed it for lack of prosecution on September 21, 2015. The record does not show, and Mr. Brookins does not argue, that he continued the 2015 action against Dr. Fleenor by obtaining issuance of new process within one year from issuance of the previous process (that occurred on January 29, 2015) or within one year of the filing of the complaint, as required by Tenn. Code Ann. § 28–1–105(a).

Our Supreme Court has addressed the saving statute in conjunction with Rule 3 and has held that the "availability of the saving statute is dependent upon a plaintiff's compliance with Rule 3." *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 716 (Tenn. 2002). In other words, a plaintiff is not entitled to take advantage of the one-year tolling period of the saving statute set out in Tenn. Code Ann. § 28–1–105(a) to avoid the bar of the statute of limitations unless the plaintiff has " 'commenced [the action] within the time limited by a rule or statute of limitation.' " *Id.*

(quoting Tenn. Code Ann. § 28–1–105(a) ); *see also McNeary v. Baptist Mem'l Hosp.*, 360 S.W.3d 429, 439–40 (Tenn. Ct. App. 2011) (explaining that saving statute is only available to a plaintiff who has strictly complied with Rule 3's requirement that the complaint has been filed and process has been served within specified period).

*Id.* at *6-7 (internal footnote omitted).

Although we acknowledged in *Brookins I* that the "Foundation" was not at issue therein, we opined that a similar analysis might apply:

[W]e note that the record does not show that [the "Foundation"] was ever served with Mr. Brookins' initial complaint that was filed in 2015. If Mr. Brookins' action was not "commenced" against [the "Foundation"], as that term is used in Rule 3 of the Rules of Civil Procedure and Tenn. Code Ann. § 28-1-105, then the statute of limitations would have barred the plaintiffs' claims against [the "Foundation"] that were filed on July 6, 2016, for the same reasons that Mr. Brookins' claims against Dr. Fleenor are barred.

*Id.* at *9 n.6.

As it is, the "Foundation" was never the proper party to be sued. As we have previously indicated, the "Foundation" was a non-existent entity at the time the complaints in this matter were filed. Mr. Brookins, and his wife, actually intended to sue AMISUB (SFH), Inc. d/b/a St. Francis Hospital ("the Hospital"). The present appeal concerns the propriety of an action against this intended defendant.

Prior to formally clarifying that they intended to proceed against the Hospital, the Brookinses moved for a default judgment against the "Foundation" in April 2017. However, the following month, on May 19, 2017, they filed an "Amended Complaint for Medical Malprac[t]ice," specifically naming the Hospital as a defendant. On June 20, 2017, the Hospital filed a motion to dismiss, arguing, among other things, that the case was barred by the statute of limitations.

In a set of orders entered in September 2017, the trial court addressed the filed motion for default judgment, as well as the motion to dismiss. Whereas the motion for default judgment against the "Foundation" was denied, the trial court granted the motion to dismiss. On October 2, 2017, the Brookinses filed a motion to alter or amend the trial court's judgment. A hearing on the motion took place in December 2017, and the following month, on January 18, 2018, the trial court entered an order wherein its prior rulings were not disturbed. The Brookinses timely appealed to this Court.

## ISSUES PRESENTED

In their appellate brief, the Brookinses raise two issues for our review:

1. Whether the trial court erred in failing to grant their original motion for default judgment.
2. Whether the trial court erred in denying their motion to alter or amend judgment.

For its part, the Hospital also interjects an additional issue: whether the trial court erred in granting the motion to dismiss where, among other things, the complaint was "filed well beyond the applicable statute of limitations."

## STANDARD OF REVIEW

"A trial court's decision to deny a motion for default judgment is reviewed under the abuse of discretion standard." *Carnett v. PNC Bank, NA*, No. W2015-01677-COA-R3-CV, 2016 WL 402495, at *4 (Tenn. Ct. App. Feb. 2, 2016) (citation omitted). This same standard also governs our review of a trial court's denial of a motion to alter or amend judgment. *See Robinson v. Currey*, 153 S.W.3d 32, 38 (Tenn. Ct. App. 2004) (citation omitted). Regarding motions to dismiss, "[w]e review the trial court's decision on a motion to dismiss de novo without a presumption of correctness." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 555 (Tenn. Ct. App. 2015) (citation omitted).

## DISCUSSION

Having considered the raised issues in this case, we discern no error on the part of the trial court. First, we observe that the motion for default judgment was pursued against the "Foundation," which is a non-existent entity; considering this alone, there is no reason to disturb the trial court's ruling denying the motion for default judgment. Indeed, after they had filed their motion for default, the Brookinses filed their "Amended Complaint for Medical Malprac[t]ice" wherein they named the Hospital, their intended defendant, as opposed to the "Foundation." The remaining question, of course, is whether the ultimate dismissal of their action was proper. Namely, was their action against the Hospital timely asserted?

We are of the opinion that the trial court appropriately dismissed the case.[2] When Mr. Brookins re-filed his complaint in July 2016, he expressly relied upon the savings

---

[2] In addition to our discussion herein, there are certainly further timeliness concerns with respect to Ms. Brookins' consortium claim specifically, as she was not a named plaintiff in the original complaint. Moreover, inasmuch as Mr. Brookins' claims are barred pursuant to our discussion, so too must the consortium claim. *See Jackson v. Miller*, 776 S.W.2d 115, 117 (Tenn. Ct. App. 1989) ("Despite being a separate claim from that of an injured spouse for other damages, loss of consortium is also a

statute codified at Tennessee Code Annotated section 28-1-105. Of course, even the re-filed complaint did not name the Hospital, but rather, the "Foundation," who was previously named in the first complaint. The Hospital was not named until the "Amended Complaint for Medical Malprac[t]ice," filed May 19, 2017. The argument from Mr. Brookins appears to be that this Amended Complaint from May 2017 merely corrected a misnomer and properly relates back to his original filing. Even assuming Mr. Brookins' prior efforts to sue the "Foundation" as opposed to the Hospital were not of any material consequence, there is still a fundamental problem with the timeliness of the suit.

A problem exists because the July 2016 re-filing was itself untimely. Although the July 2016 re-filing was within one year of the trial court's non-prejudicial dismissal of the "Foundation" in September 2015, the savings statute was not available to Mr. Brookins. As we noted in the first appeal of this case involving Dr. Fleenor, a plaintiff is not entitled to take advantage of the one-year tolling period of the savings statute unless the plaintiff commenced the action within the time limited by a rule or statute of limitation. *Brookins I*, at *7. This, of course, makes the requirements of Rule 3 of the Tennessee Rules of Civil Procedure exceedingly relevant. In part, that rule provides that "[a]n action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved." Tenn. R. Civ. P. 3. However, the rule also provides that

> [i]f process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

*Id.*

Here, the process that issued to the "Foundation" in connection with the first complaint was returned unserved in February 2015, and Mr. Brookins admits that no alias summons issued in connection with the first complaint. New process ultimately issued with respect to the "Foundation," but this was not until the complaint was re-filed in July 2016, which was, of course, well over a year after the issuance and nonservice of the original process. Inasmuch as the first process that issued was not served and Mr. Brookins never obtained issuance of new process within one year from the issuance of

---

derivative claim in that the physical injuries or incapacities of one's spouse give rise to and establish the claim."); *see also Greene v. Titi*, No. M2008-02788-COA-R3-CV, 2010 WL 98884, at *10 (Tenn. Ct. App. Jan. 11, 2010) ("As the trial court noted, Mrs. Greene's loss of consortium claim against TPA is derivative of Mr. Greene's negligence claim. Therefore, because TPA has successfully negated an essential element of the negligence claim, the trial court was correct in holding that the loss of consortium claim fails as a matter of law.").

the previous process, he was not able to rely on his original commencement to toll the statute of limitations, therefore clearly making the July 2016 re-filing untimely.

## CONCLUSION

The trial court's judgment is hereby affirmed.  Other arguments raised by the Hospital in support of dismissal are pretermitted.

_____
ARNOLD B. GOLDIN, JUDGE