IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 1, 2020

## KIMBERLY JOHNSON DOUGHERTY v. M.E. BUCK DOUGHERTY III

**Appeal from the Chancery Court for Fayette County**
**No. 17-531-PP      William C. Cole, Chancellor**
———————————————————————

### No. W2020-01606-COA-T10B-CV
———————————————————————

This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, filed by M.E. Buck Dougherty, III ("Petitioner" or "Father"), seeking to recuse the trial judge in this case involving modification of a parenting plan. Having reviewed the petition for recusal appeal filed by Petitioner, and finding that the Chancery Court for Fayette County ("the Trial Court") properly recused but erred in entering further orders, we vacate, in part, the November 5, 2020 order and affirm the order as so modified.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Vacated, in part; Affirmed, as Modified; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P. J., W.S., and W. NEAL MCBRAYER, J., joined.

Adam Uriah Holland, Chattanooga, Tennessee, for the appellant, M. E. Buck Dougherty, III.

Lori Renee Holyfield, Memphis, Tennessee, for the appellee, Kimberly Dougherty.

## OPINION

This case was previously before this Court on a Rule 10B recusal appeal. In our March 12, 2020 Opinion addressing that appeal, this Court vacated the order of the Chancery Court for Fayette County ("the Trial Court") denying recusal and remanded the case to allow Petitioner to file an amended motion for recusal and for the Trial Court to enter an order either granting or denying the amended motion and stating in writing the grounds therefore. *Dougherty v. Dougherty*, No. W2020-00284-COA-T10B-CV, 2020

WL 1189096 (Tenn. Ct. App. March 12, 2020), *no appl. perm. appeal filed* ("*Dougherty I*"). By way of background, we quote from our Opinion in *Dougherty I*:

Father and Kimberly Johnson Dougherty ("Mother") were divorced in June of 2018 by order of the Shelby County Chancery Court ("Shelby Court"). A Permanent Parenting Plan ("PPP") for the parties' three minor children ("the Children") was entered along with the divorce decree. The PPP provided for joint decision making as to educational decisions and further provided that the Children would continue to attend Westminster Academy until each one graduated from high school. When the divorce decree was entered, Mother resided in Fayette County, Tennessee, and Father resided in Hamilton County, Tennessee. After entry of the divorce decree, Mother sought, and was granted, a transfer of the case to the Trial Court.

In April of 2019, Mother filed in the Trial Court a petition for civil contempt and to modify the PPP. Specifically, as pertinent, Mother sought to enroll the Children in Fayette Academy rather than Westminster Academy. Father filed a response and counter-petition to modify seeking to enroll the Children in the Signal Mountain, Tennessee public schools, where Father resided. Mother then filed an emergency motion to enroll the Children in Fayette Academy. Father responded, and Chancellor Cole of the Trial Court held a telephone hearing and denied Mother's emergency motion. Father continued to pay the tuition and enrollment fees for Westminster Academy to Mother as provided for in the PPP, including payments for May, June, and July of 2019. Father later learned that Mother had unilaterally withdrawn the Children from Westminster Academy and enrolled them in Fayette Academy.

A hearing was held on September 17, and 18, of 2019 on the petition and counter-petition. Mother called Father to the witness stand to testify. The central issue in dispute was where the Children would attend school. After Father testified, the matter was continued by Chancellor Cole.

Father filed a motion for recusal on January 21, 2020 seeking to recuse Chancellor Cole. Father alleged that the Fayette Court Clerk and Master, Amy King Anderson ("the Clerk"), had been texting a friend regarding Father's testimony and the custody dispute while Father was on the witness stand testifying. The Clerk's friend had some connection to Father's extended family. Father also alleged that the Clerk was affiliated in some capacity with Fayette Academy as either a current or former parent of students who attended that school. Father also alleged that when Mother learned of the Clerk's text, she stated to Father's counsel that she was

- 2 -

relieved to know that the allegations of improper text messages did not involve her text messages.

Chancellor Cole denied the motion to recuse by order entered January 30, 2020. In the January 30, 2020 order, Chancellor Cole found that "neither the text nor the substance of the text" were made an exhibit or disclosed to the court, that during the hearing Father's counsel admitted that she had not seen the text, and that no allegation was made that the Clerk "rendered editorial comment" about Father's testimony as the only allegation was that someone's name was mentioned in the text. The January 30, 2020 order found that Father had failed to carry his burden that bias or prejudice existed or that the court was predisposed for or against either party, that Father's motion was statutorily deficient because it did not state it was not being presented for an improper purpose, and that Father's affidavit showed that he knew of the text in September of 2019, but had not filed for recusal until January of 2020 when Mother sought hearing dates. The January 30, 2020 order stated: "While the Court recognizes that contemporaneous texting by court personnel is not desirable, by [Father's] admission the text only communicated a fact testified to in open court, no different than picking up the phone after work and telling a friend, 'Hey, your name was brought up in Court today….. [sic] were your ears burning?'"

After Chancellor Cole denied Father's motion to recuse, Father learned that Chancellor Cole had presided over a court reenactment during a class at Fayette Academy and that Chancellor Cole's wife is a faculty member at Fayette Academy. Father asserts that Chancellor Cole never disclosed to the parties that his wife is employed by Fayette Academy as a faculty member.

*Dougherty I*, 2020 WL 1189096, at *1–2 (footnote omitted).

Upon remand, Petitioner filed an amended motion seeking recusal, and the Trial Court entered an order on November 5, 2020, *inter alia*, recusing itself. Specifically, in the November 5, 2020 order, the Trial Court denied both Father's motion to recuse and Father's amended motion to recuse and immediately thereafter found and ordered:

10. Having resolved Father's motions to recuse, the Court announces that it has come to light through Mother's counsel's statements that one (1) of the parties' minor children is in fact enrolled in Mrs. Martina Cole's AP English class this fall. The Court finds that there is some likelihood, in a case like this, that Mrs. Cole could become a fact witness. For example, if Mrs. Cole interacted with one or both of the parents, or if the minor child in question were to write an essay for Mrs. Cole's class regarding his ongoing frustration

- 3 -

with this litigation (which is not uncommon in a case like this involving the abusive use of conflict), that could lead to Mrs. Cole becoming a material witness.

11. For the reasons stated above, the Court finds that he will be forced to recuse himself from presiding over this matter further. The grounds for recusal did not exist when trial began in September 2019 and were allowed to develop due to Father's delays of the litigation. The recusal is granted on the Court's own motion and not on any of the grounds set forth in Mr. Dougherty's motions.

12. Two (2) days of trial have already occurred in this matter and the proof from those dates will have to be transcribed in order to bring the matter to conclusion. Because Mr. Dougherty's delay was the primary cause of the development of the conflict of interest, the Court orders that Mr. Dougherty shall bear the full expense of preparation of the transcripts for those trial dates, which he shall pay within thirty (30) days of entry of this Order.

Petitioner then filed his current petition for recusal appeal in this Court.

ANALYSIS

We have determined in this case after a review of the petition and supporting documents submitted with the petition, that an answer, additional briefing, and oral argument are unnecessary to our disposition because, although the recusal was proper, the record provided by Father demonstrates error by the Trial Court Chancellor. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

We review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.01. "The party seeking recusal bears the burden of proof, and 'any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case.'" *Neamtu v. Neamtu*, No. M2019-00409-COA-T10B-CV, 2019 WL 2849432, at *2 (Tenn. Ct. App. July 2, 2019), *no appl. perm. appeal filed*, (quoting *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015), *no appl. perm. appeal filed*).

In his petition for recusal appeal, Father raises three issues, which we restate as: 1) whether the Trial Court erred in denying Father's amended motion for recusal; 2) whether the Trial Court erred in *sua sponte* recusing itself on allegedly the same grounds contained in Father's amended motion; and, 3) whether the Trial Court erred in ordering Father to pay for transcripts after recusing itself.

With regard to the first two issues, Father argues vigorously both that the Trial Court erred in not granting Father's amended motion and that the Trial Court should be recused. Father has missed the point. Although the Trial Court did not grant Father's amended motion for recusal, within the very same order the Trial Court *sua sponte* recused itself. In fact, the Trial Court denied Father's motion for recusal and Father's amended motion for recusal and in the very next paragraph of the same order found that grounds existed to recuse itself. Father sought the recusal of Chancellor Cole, and Chancellor Cole did indeed recuse. As such, Father's argument that the Trial Court erred in not granting his amended motion for recusal and instead *sua sponte* recused is, at best, moot. We make no determination regarding whether the Trial Court did or did not err in its analysis with regard to denying Father's motions because it is well settled that "if the Trial Judge reached the right result for the wrong reason, there is no reversible error." *Robinson v. Currey*, 153 S.W.3d 32, 40 (Tenn. Ct. App. 2004) (quoting *Shutt v. Blount*, 249 S.W.2d 904, 907 (Tenn. 1952)). We, therefore, find no reversible error with regard to Father's first two issues.

We do, however, find error with regard to the third issue raised by Father. In its November 5, 2020 order, immediately after finding that recusal was proper, the Trial Court ordered Father to pay for trial transcripts. Once a trial court determines that grounds for recusal exist, the court should take no further action and issue no further orders in the case. *See Rodgers v. Sallee*, No. E2013-02067-COA-R3-CV, 2015 WL 636740, at *5 (Tenn. Ct. App. Feb. 13, 2015), *no appl. perm. appeal filed* (vacating trial court orders entered while motion for recusal was pending in case where trial court ultimately recused); *Neal v. Hayes*, No. E2011-00898-COA-R3-CV, 2012 WL 260005, at *5 (Tenn. Ct. App. Jan. 30, 2012), *no appl. perm. appeal filed* (vacating trial court orders where trial court had declared its lack of neutrality requiring recusal and simultaneously ruled on contested matters in case predating the enactment of Tenn. Sup. Ct. R. 10B). *See also* Tenn. R. Sup. Ct. 10B, § 1.02 ("While the motion is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken.").

The Trial Court in this case entered a "further order[]" when it ordered Father to pay for the trial transcripts within the same order in which the Trial Court found that grounds for recusal existed. Tenn. R. Sup. Ct. 10B, § 1.02. Once the Trial Court had determined that recusal was warranted, the Trial Court should have entered an order doing "just that" and nothing more. *Neal*, 2012 WL 260005, at *5. We, therefore, vacate paragraph 12 of the Trial Court's November 5, 2020 order, which ordered Father to pay for trial transcripts.

The remainder of the November 5, 2020 order is affirmed as so modified. The costs of this appeal are taxed to Petitioner, for which execution may issue. This case is remanded for further proceedings.

_____
JOHN W. MCCLARTY, JUDGE