IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 9, 2021 Session

## MARTINA SMITH ET AL. v. DONNA JEAN WALKER ET AL.

**Appeal from the Circuit Court for Madison County**
**No. C-19-181        Kyle C. Atkins, Judge**

_____

### No. W2021-00241-COA-R3-CV
_____

Appellants purchased a home from Appellee that was contaminated with mold. Appellants therefore filed suit against Appellee. The trial court granted summary judgment in Appellee's favor. Because the trial court's order does not comply with Rule 56.04 of the Tennessee Rules of Civil Procedure or *Smith v. UHS of Lakeside, Inc.*, we vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Samuel W. Hinson, Lexington, Tennessee, for the appellants, Eddie Smith, and Martina Smith.

Marc A. Sorin, Memphis, Tennessee, for the appellee, Donna Jean Walker, M.D.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTUAL AND PROCEDURAL HISTORY

In March 2019, Plaintiffs/Appellants Martina and Eddie Smith entered into a Purchase and Sale Agreement with Defendant/Appellee Donna Jean Walker, M.D. ("Appellee") for the purchase of Appellee's house. Mr. and Mrs. Smith discovered mold contamination in the home not long after moving in, which they allege, *inter alia*, caused Mrs. Smith and their grandson, Parker Smith,[2] to become severely ill, contaminated most of their personal property to the extent that it had to be destroyed, and rendered the home effectively beyond repair. Mr. and Mrs. Smith, for themselves and as next of kin of their grandson (collectively, "Appellants"), filed a complaint against Appellee and Amerispec Inspection Services ("Amerispec")[3] in the Circuit Court of Madison County ("the trial court") on July 25, 2019. Therein, Appellants alleged causes of action against Appellee for breach of contract, negligence and gross negligence, negligent misrepresentation, intentional misrepresentation, and failure to disclose. Appellants also sought compensatory and punitive damages. Essentially, Appellants claimed that they thought they were purchasing a habitable home free from major defects, when Appellee knew or should have known of the mold contamination but did not inform them of it.

Appellee filed an answer, asserting a litany of affirmative defenses and requesting that the claims against her be dismissed. Amerispec filed a motion for judgment on the pleadings on October 15, 2019, which Appellee joined on March 26, 2020. In joining the motion, Appellee specifically sought dismissal of Appellants' claims of negligence and gross negligence. On November 2, 2020, Appellee filed a motion for summary judgment as to Appellants' claims of breach of contract, negligent misrepresentation, and intentional misrepresentation. In an order filed February 12, 2021, the trial court granted summary judgment in favor of Appellee, finding as follows:

> Per the express terms of the real estate sales contract entered into between [Appellants] and [Appellee], '[Appellants] agreed to take the home and property in "as is" condition based on reducing the purchase price to $339,901.00.' Therefore, [Appellants] agreed to take the property 'as is' and the 'as is' provision of the contract absolves [Appellee] from any alleged misrepresentations concerning the condition of her home at the time of this real estate transaction.
>
> Furthermore, this Court finds that there is no proof in the record that

---

[2] Parker Smith had apparently moved into the home with Mr. and Mrs. Smith.

[3] The trial court ultimately filed an order granting summary judgment in Amerispec's favor on February 12, 2021. On June 29, 2021, Amerispec filed a "Consent Motion to Drop Defendant Amerispec Inspection Services" from this appeal by consent of all parties. The consent motion was signed by Amerispec's counsel, as well as Appellants' and Appellee's respective counsel by permission. No order was entered by this Court pursuant to this motion, but neither party argues that Amerispec has any involvement in this appeal. Therefore, we will not disturb the trial court's judgment as it applies to Amerispec, nor will we discuss Amerispec's involvement in the case in detail.

[Appellee] made any intentional misrepresentation(s) to [Appellants] in connection with this real estate transaction.

It is therefore, ORDERED ADJUDGED AND DECREED, that all claims asserted by [Appellants] against [Appellee] are dismissed with prejudice and all court costs associated with this action shall be assessed against [Appellants].

Appellants appealed.

## II. ISSUES PRESENTED

Appellants raise the following issue, taken from their brief:

I. Whether the [trial court] erred when it ruled that an "as is" clause in the parties' Purchase and Sale Agreement barred Appellants' claims of misrepresentation when Appellants presented proof that Appellee negligently and/or intentionally misrepresented the true condition of the home?

In addition to arguing that the trial court correctly granted summary judgment in her favor, Appellee designates as additional issues Appellants' purported failure to comply with the briefing requirements of this Court, as well as a request for an award of attorney's fees for defending against a frivolous appeal under Tennessee Code Annotated section 27-1-122.

## IV. STANDARD OF REVIEW

"The purpose of a summary judgment proceeding is not the finding of facts, the resolution of disputed, material facts, or the determination of conflicting inferences reasonably to be drawn from those facts. The purpose is to resolve controlling issues of law, and that alone." *Byrd v. Hall*, 847 S.W.2d 208, 216 (Tenn. 1993) (citations and quotation marks omitted), *holding modified on other grounds by Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235 (Tenn. 2015). "When a material fact is in dispute creating a genuine issue, when the credibility of witnesses is an integral part of the factual proof, or when evidence must be weighed, a trial is necessary because such issues are not appropriately resolved on the basis of affidavits." *Id.*

"[A] trial court's decision to grant [a] motion[] for summary judgment is not entitled to a presumption of correctness on appeal." *Standard Fire Ins. Co. v. Chester O'Donley & Assocs., Inc.*, 972 S.W.2d 1, 6 (Tenn. Ct. App. 1998) (citations omitted). Consequently, we "must make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Bowers v. Estate of Mounger*, 542 S.W.3d 470, 477 (Tenn. Ct. App. 2017) (quoting *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015)). In evaluating motions for

summary judgment, "[t]he evidence offered by the nonmoving party must be taken as true," ***Byrd***, 847 S.W.2d at 215, and courts "are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." ***Shaw v. Metro. Gov't of Nashville & Davidson Cty.***, 596 S.W.3d 726, 733 (Tenn. Ct. App. 2019) (citations and quotations omitted).

## V. DISCUSSION

Unfortunately, our ability to review the merits of this appeal are hampered by the state of the trial court's order. Rule 56.04 of the Tennessee Rules of Civil Procedure mandates that when granting or denying a motion for summary judgment, a "trial court shall state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling." Our supreme court has described this duty imposed by Rule 56.04 as a "high judicial function." ***Smith v. UHS of Lakeside, Inc.***, 439 S.W.3d 303, 318 (Tenn. 2014). The supreme court further noted in ***UHS of Lakeside*** that when a trial court does not adequately explain its summary judgment ruling, "intermediate appellate courts need not adhere to our prior practice of 'conduct[ing] archeological digs' of the record and remanding 'the case only when [our] practiced eyes cannot discern the grounds for the trial court's decision.'" ***Regions Com. Equip. Fin. LLC v. Richards Aviation Inc.***, No. W2020-00408-COA-R3-CV, 2021 WL 1811754, at *5 (Tenn. Ct. App. May 6, 2021) (quoting ***UHS of Lakeside***, 439 S.W.3d at 314 (footnotes omitted)). Rather, when resolving "issues relating to a trial court's compliance or lack of compliance with Tenn. R. Civ. P. 56.04," the supreme court encouraged this Court to consider not only judicial economy but also "the fundamental importance of assuring that a trial court's decision either to grant or deny a summary judgment is adequately explained and is the product of the trial court's independent judgment." ***UHS of Lakeside***, 439 S.W.3d at 314.

Here, the trial court's order is deficient in multiple respects. First, while Appellants raised at least five causes of action in their complaint, the trial court only expressly mentioned one cause of action in its order: intentional misrepresentation. The trial court entered a blanket dismissal of "all claims asserted by [Appellants] against [Appellee]," thus ensuring its order technically met the finality requirement of disposing of all claims. *See* Tenn. R. App. P. 3 (explaining that an order that adjudicates fewer than all claims involved is not final). However, the trial court did not specifically dispose of the other causes of action that Appellants brought. We note that in their appellate brief, Appellants do not discuss their breach of contract or negligence and gross negligence causes of action. Accordingly, it appears they have abandoned those claims. We will therefore not disturb those rulings on appeal despite the trial court's failure to provide legal grounds for their dismissal. Appellants have, however, clearly preserved their claims regarding both intentional and negligent misrepresentation on appeal.[4] The claim of negligent

---

[4] To the extent that claims of failure to disclose and concealment are part and parcel of Appellants'

- 4 -

misrepresentation is not specifically considered by the trial court's order in any fashion.

Even to the extent that the trial court did provide some legal reasoning that could be interpreted as applying to both intentional and negligent misrepresentation, we must conclude that the trial court's order is deficient. Specifically, the portion of the trial court's order explaining its decision to grant summary judgment is comprised of a mere two sentences. In the first sentence, the court concluded, without explanation, that the "as is" clause in the parties' contract "absolve[d] [Appellee] from any alleged misrepresentations." In the second sentence, the trial court made a conclusory finding "that there is no proof in the record" of intentional misrepresentations by Appellee. Again, the trial court did not explain its finding, including why the parties' disputes over certain facts were not genuine or the facts not material such that summary judgment was warranted. Neither did the trial court address any of Appellants' arguments that the "as is" clause did not relieve Appellee of liability. As such, we are left to wonder as to what facts and law the trial court relied upon in ruling. Such scant reasoning and explanation is simply insufficient for this Court to decipher how the trial court reached its decision, and is an abdication of the trial court's "high judicial function." *See **UHS of Lakeside***, 439 S.W.3d at 318. We decline to "conduct [an] archeological di[g]" of the extensive record in this case in an attempt to understand the trial court's reasoning before proceeding to conduct appellate review. *See **UHS of Lakeside***, 439 S.W.3d at 314. Instead, we vacate the trial court's order granting summary judgment in favor of Appellee. Upon remand, the trial court should comply with Rule 56.04 and ***UHS of Lakeside***, entering a proper order granting or denying summary judgment and explaining the reasoning for the decision.

Finally, we briefly address Appellee's request for frivolous appeal damages. Tennessee Code Annotated section 27-1-122 states as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

A frivolous appeal is one that is devoid of merit or has no reasonable chance of success. ***Robinson v. Currey***, 153 S.W.3d 32, 42 (Tenn. Ct. App. 2004). Given our disposition, this appeal is not frivolous, and Appellee's request for frivolous appeal damages is denied. All other issues raised by the parties are pretermitted.[5]

misrepresentation claims, they survive as well.

[5] Appellee raises significant concerns about the state of Appellants' brief, including failure to properly cite to the record. Appellants attempted to remedy this issue in their reply brief, but, generally, reply briefs are not vehicles for remedying deficiencies in initial briefs. *See **Augustin v. Bradley Cty. Sheriff's Off.***, 598 S.W.3d 220, 227 (Tenn. Ct. App. 2019). Given, however, that the trial court's order necessitates that we vacate and remand the case, any issues with Appellants' briefing are not dispositive.

## V. Conclusion

The judgment of the Circuit Court of Madison County is vacated, and this cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are assessed to Appellee Donna Jean Walker, M.D., for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

However, we strongly encourage parties to comply with relevant procedural rules, and may not be so forgiving in the future.